EMORY S. FOSTER, Plaintiff, *v.* THE STATE OF MISSOURI, Defendant.

*Constitution — Supreme Court — Jurisdiction:* — The General Assembly can confer original jurisdiction upon the Supreme Court only in the cases specified in the Constitution ; in all other cases its jurisdiction must be appellate. The act, approved March 11, 1867 (Acts 1867, p. 9), authorizing the Supreme Court to determine both the law and the facts in relation to the amount due Emory S. Foster, the public printer, is void, as it involves no question of constitutional law, and does not show a solemn occasion calling upon the court to give its judicial opinion to the Executive or either branch of the General Assembly.

*Submission on Agreed Case.*

*W. H. Blodgett*, for plaintiff.

Attorney-General, for defendant.

WAGNER, Judge, delivered the opinion of the court.

Emory S. Foster, the public printer for the State, presented his account for allowance to the State Auditor for certain work done by him in the way of printing journals, laws, &c., and, the fund appropriated for the payment of such claims being exhausted, the Auditor issued to him a certificate of indebtedness for the amount. The Legislature, in passing a bill to meet and pay off certain deficiencies, refused to allow the whole amount embraced in the certificate, assuming that the law had been misconstrued, so as to make the account call for more work than was actually done, and the certificate included a larger sum than was really due. To settle the controversy, and give a construction to the law, the Legislature passed an act, approved March 11, 1867, providing that the Attorney-General, upon the part of the State, should submit to this court an agreed case or cases between the State and the public printer, and certain other officers named in the act, and making it the duty of this court to examine all questions of law or fact growing out of the demand in dispute, and whatever sum should be found due

should be certified by the clerk to the Auditor, who was authorized to draw a warrant thereon.

In accordance with the above act, this case is submitted on an agreed statement. A strange misapprehension seems to have existed in regard to the jurisdiction of this court. Here is an attempt to devolve on the court original jurisdiction in a matter which is the subject of ordinary litigation— a contention between parties for an amount of money. The second section of the sixth article of the Constitution declares that the Supreme Court, except in cases otherwise directed by the Constitution, shall have appellate jurisdiction only. The only case where original jurisdiction is conferred is in the grant of power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari,* and other remedial writs. This provision of the Constitution is not only eminently wise, but it is necessary for the protection of the court. Admit the power, and there would be nothing to prevent the Legislature at any time from passing a law to authorize parties throughout the State to make an agreed case and require an adjudication at our hands, and thus make this tribunal the court of first as well as last resort.

It is no answer in this case to say that no provision is made for bringing actions against the State. There is no objection that we know of against passing a law for a submission as attempted here, but the submission must be made to a court of original jurisdiction; and if the parties are not satisfied with the judgment of that court, an appeal may be provided for. It is true, the Constitution says "the judges of the Supreme Court shall give their opinion upon important questions of Constitutional law, and upon solemn occasions, when required by the Governor, the Senate, or the House of Representatives." Of course, no one will contend that any question of constitutional law is involved; and it cannot be called a solemn occasion, as it is simply a contest about a private claim such as transpires in our courts of justice daily.

We are of the opinion that the act is unconstitutional and void, that it imposes no duty upon this court, and that we are expressly prohibited by the Constitution from taking cognizance of the subject matter. We therefore decline assuming any jurisdiction over the case, and accordingly order it to be dismissed.

Judge Holmes concurs; Judge Fagg not sitting.