JAMES H. VAIL, Contestor, *v.* LOUIS F. DINNING, Contestee.

1. *Supreme Court, jurisdiction of — Not original touching litigation of private rights.* — It was never intended that this court should exercise original jurisdiction in matters of general litigation, or in contests respecting mere private rights.

2. *Supreme Court, jurisdiction of, generally appellate — Habeas corpus, etc., prerogative writs, variant from ordinary process.* — This court was designed to be strictly appellate in its character, duties, and functions, with certain marked and definite exceptions, such as cases of *habeas corpus, mandamus, quo warranto, prohibition,* etc. These are high prerogative writs, emanating from this court by direct application and by the authority of the sovereign power of the State. They are only issued when applied for in a proper case, and are wholly variant from that process of summons or notice by which one party brings an adverse party into court to determine a private right or to settle a matter of ordinary litigation.

3. *Circuit judge, contest for office of — Statute concerning, unconstitutional.* — Section 80, chapter 2, Gen. Stat. 1865, authorizing the contestor of the office of circuit judge to bring the issue originally before the Supreme Court by petition, without appeal or writ of error, invests it with a jurisdiction not authorized, but prohibited, by the constitution.

4. *Circuit judge, contest for office of — Does not warrant remedial writ.* — The contest for the office of circuit judge concerns a civil right, to be decided on the facts and issues, and does not call forth the extraordinary remedial writs of this court.

5. *Circuit judge, contest for office of — May be settled in lower courts.* — The law, as it now exists, affords an ample and complete remedy where the issues between parties contesting the office of circuit judge can be tried, and if the result is not satisfactory, an appeal will lie to this court; and the Legislature may also prescribe new and additional means for determining such contests. But this court can not assume jurisdiction, nor hear and determine cases, except on appeal or on writ issuing from this court.

*G. I. Van Alen,* and *John F. Bush,* for contestor.

I. The questions arising in this case concerning the regularity and legality of the election are questions of a political nature, and their determination is an exercise of political power. (State

*ex rel.* Bartley v. Governor Fletcher, 39 Mo. 388 ; State *ex rel.* Jackson v. Howard County Court, 41 Mo. 24.)  Hence, the case of Foster v. State, 41 Mo. 61, has no application here.

II.  The contestee's construction leaves the contestant no remedy.   " *Ubi jus, ibi remedium.*"   (Broom's Legal Max. 146 *et seq.*)

III.  This court has power to issue other writs besides those named in the constitution.  (Thomas v. Mead, 36 Mo. 232 ; State *ex rel.* West *et al.* v. Clark County Court, 41 Mo. 44.)   This proceeding originates in a notice which is in the nature and performs the functions of an original remedial writ within the meaning of the constitution, and was designed by the Legislature to meet new cases arising under our elective system.  The requirement that writs shall " run in the name of the State of Missouri" is not mandatory, but directory.   ( Davis v. Wood, 7 Mo. 162 ; Wethers v. Rogers, 24 Mo. 340.)

*Glover & Shepley*, for contestee.

I.  This is not a case where this court has original jurisdiction. ( *Vide* art. VI, §§ 2, 3, of Constitution, Gen. Stat. 1865, pp. 35–6.)   (1) No writ of any sort is here issued.  If the notice in this case be regarded as filling the place of a writ, it is a writ which the contestor is entitled to on his own motion, like a writ of summons at law or subpœna in chancery.  But *habeas corpus, mandamus, quo warranto,* and *certiorari* are all of them extra writs, that issue only on special application to the court, and on a showing of merits.   (2) This proceeding not being one of these writs, to be sustained at all should appear to be some other original remedial writ of like kind.  Evidently a writ of prohibition is of like kind, and is embraced in " other original remedial writs," and the Legislature might frame any other writ of like kind, and this court would have constitutional power to issue and hear them ; but no process to begin a contest about an election would be of like kind.   The right to have the benefit of an election is an ordinary civil right, requiring no extraordinary process to assert it more than the right to chattels or lands.

WAGNER, Judge, delivered the opinion of the court.

At the general election in November last, Vail and Dinning were candidates for the office of circuit judge in the fifteenth judicial circuit; and Dinning having received a majority of the votes cast, Vail proceeded to contest the election by giving notice within the time and in the manner prescribed by the statute. A motion is now made on behalf of Dinning to dismiss the case from the docket, because: *first*, this court has no jurisdiction of the subject matter of this proceeding; *second*, if there is jurisdiction of the subject matter, there is no sufficient petition in the case to give the contestor a standing in court.

That the petition is palpably defective is certainly true; but if the question of jurisdiction is determined adversely to the contestor, it is useless to examine it. The proceeding was commenced under section 80 of the general statute in regard to elections, which provides that if any person contest the election for circuit judge, he shall present a petition to the Supreme Court at the first term holden next after the election, or to some judge thereof in vacation, within forty days after such election, setting forth the points on which he will contest the same, and the facts he will prove in support of such points. Subsequent sections point out the manner of taking testimony, and the act declares that all contested elections for judges of the Circuit Court shall be heard and determined by the Supreme Court. This provision was first adopted in the statute law of this State in the revision of 1855, and was imported thence into the General Statutes of 1865. The question of jurisdiction is now raised for the first time, and till very recently no case involving the subject matter was ever presented to this court. At the February term last, John Wilson presented his petition to contest the right of Lucas to the judgeship of the fifth judicial circuit, but the petition was dismissed, the notice not having been served in time.

In the first place, it must be acknowledged that the jurisdiction of this court is defined and limited by the constitution. It has such powers and jurisdiction as the constitution has conferred upon it—no more, no less. It can not shirk any duty imposed

on it by the organic law, nor can it extend its powers to take cognizance of any matter not within the scope of its limited authority. The Legislature can neither add to nor diminish its rightful jurisdiction. That body can invest it with no original jurisdiction when it is not given by the constitution, nor can they deprive it of its appellate jurisdiction.

The second section of article VI of the constitution declares that the Supreme Court, except in cases otherwise directed by the constitution, shall have appellate jurisdiction only, which shall be coextensive with the State, under the instructions and limitations in the constitution provided. Section 3 provides that the Supreme Court shall have a general superintending control over all inferior courts of law, and shall have power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari,* and other original remedial writs, and to hear and determine the same. The above sections comprise the whole jurisdictional power of this court.

It was never intended that this court should exercise original jurisdiction in matters of general litigation, or in contests respecting mere private rights. The uniform construction placed upon the provisions in our constitution, and on like provisions in other States, is against the right, and wherever the attempt has been made it has been disclaimed by the courts. In Foster v. State (41 Mo. 61), a dispute arose between the public printer and the State authorities respecting the settlement of an account, and the Legislature passed an act for the submission of the matter in controversy to the adjudication of this court, on an agreed statement of facts. We declined taking any cognizance of the case, as it was in the form of an original action, and did not evoke any appellate jurisdiction.

In Illinois, the Legislature passed an act, one section of which was as follows: "The parties in any suit or proceeding at law or in chancery, in any circuit court, may make an agreed case containing the points of law at issue between them, and file the same in the said court, and the said agreed case may be certified to the Supreme Court by the clerk of such Circuit Court, without certifying any further record in the case; and upon such agreed case being so certified and filed in the Supreme Court, the appellant

or plaintiff in error may assign errors, and the case shall then be proceeded in, in the same manner as it might have been had a full record been certified to the said Supreme Court." Under this section of the statute an agreed case was made by parties, and certified up by the clerk of the Circuit Court, without any previous decision having been given in the court below.

The Supreme Court (Crull v. Keever, 17 Ill. 246) refused to entertain the case, and, although they said it was not the intent of the act that it should be brought up in that manner, they went further, and said that the word "appellate" in the constitution was used in contradistinction to "original." It was intended to invest the court with supervisory power only, except where original jurisdiction was expressly given. It contemplated some action, decision, or determination of some officer or inferior tribunal, by which the right of some party could be affected, to re-examine and reverse which he might be allowed to appeal. The appellate power conferred was to correct errors committed by some inferior jurisdiction, and no error could be committed till a decision was made. There must be something to appeal from before an appellate power could be exercised.

It is very plain that were it not for the express exceptions contained in the constitution, this court could exercise no original jurisdiction. As it is, its power is confined to certain specified writs, and others of a like remedial nature. It may not be easy to specify all the writs which would properly come within this designation. It is obvious, however, that reference is made to writs of the same class or genus. The writs must be both original and remedial. In Lane v. Charless (5 Mo. 285), it was held that an injunction was not one of the original remedial writs provided for. In Attorney-General v. Blossom (1 Wis. 317), the Supreme Court of Wisconsin, in discussing this question, says: "These writs differ essentially in their character and objects from ordinary writs issued by the courts in the regular and usual administration of law between parties. They go to accomplish peculiar and specific objects, carrying with them the special mandate of the sovereign power, addressed to the person, corporation, or officer, requiring them to do or not to do,

to proceed or to desist, to perform the duty required by law, or to abstain from the exercise of powers without lawful authority, etc.   They bear no resemblance to the usual processes of courts by which controversies between private parties are settled by the judicial tribunals of every grade."

This court was designed to be strictly appellate in its character, duties, and functions, with certain marked and definite exceptions.   The framers of the constitution doubtless saw that contingencies might arise when it would not only be fit but indispensably necessary that this court should interpose its process in the first instance.   There may be occasions when not only the interests of the citizen, but the safety and welfare of the State, may depend upon the issuance from this tribunal of its original remedial process; and for such exigencies provision was made. *Habeas corpus, mandamus, quo warranto, prohibition,* etc., are high prerogative writs, emanating from this court by direct application and by the authority of the sovereign power of the State.   They are only issued when applied for in a proper case, and are wholly variant from that process of summons or notice by which one party brings an adverse party into court to determine a private right or to settle a matter of ordinary litigation.

It is not claimed that the matter in contest here comes within any of the specified delegations of power to issue original remedial writs ; and this being so, it was wholly incompetent for the Legislature to attempt to invest this court with jurisdiction not given to it by the constitution, but, on the contrary, as I think, prohibited by that instrument.   The proceeding was instituted not by any writ issuing from this court, but by notice on the part of the contestor that he would contest the right and title of the contestee to an office.   The subject of contention between the parties is a civil right, to be decided on the facts and issues, and does not call forth the extraordinary remedial writs of this court.   In principle, the case would not be different if it was a contest for the office of constable.   If jurisdiction can be conferred on this court to hear and determine contests for the office of circuit judge, it can also be conferred to determine contests as to county judges, clerks, sheriffs, and, in fact, every officer in

the State. It requires no argument to show that such was never the intention of the constitution; and its express language is opposed to it. As the case was not commenced by writ—the only way in which it could be recognized here as an original proceeding—there is nothing on which appellate jurisdiction can attach. There is neither appeal nor writ of error. There is no judgment of an inferior tribunal to re-examine, revise, or reverse.

The counsel for the contestor has assumed that if this motion is sustained and the proceeding dismissed, he will be entirely without remedy. But this is not true. The law, as it now exists, affords an ample and complete remedy in tribunals where the issues between the parties can be tried, and, if the result is not satisfactory, an appeal will lie to this court; and the Legislature may also prescribe new and additional means for determining contests of this description. But this court can not assume jurisdiction, nor hear and determine cases, in any other manner than that provided for in the constitution.

In my opinion, the motion should be sustained and the proceeding dismissed. The other judges concur.