THE STATE OF MISSOURI *ex rel.* ATTORNEY-GENERAL, Relator, *v.* WILLIAM FLENTGE, Respondent.

1. *Practice, Supreme Court— Trial of clerks before for misdemeanor — Con- struction of statute.*—Sections 18–23 of the statute concerning clerks (Wagn. Stat. 259–60), subjecting the clerks of courts to trial in the Supreme Court for misdemeanor in office, is unconstitutional. The Supreme Court has "appellate jurisdiction only" (State Const., art. VI, § 2), except that it may issue certain specified writs "and other original remedial writs" (*id.* § 3). And the statutory proceeding for trying a clerk for misdemeanor in office can not be brought within the exception.

*Misdemeanor in Office.*

*A. J. Baker*, Attorney-General, and *L. Brown*, for relator.

In Vail v. Dinning, the only matter decided was that between private persons in matters of private right, this court would not exercise original jurisdiction, and that the Legislature had no right to confer it. Surely this doctrine and that decision have not necessarily any application here. This court possesses all of the common-law power that obtained in the Court of King's Bench. And this court (King's Bench) is the highest court of common law to punish all inferior magistrates and all other officers of justice, for willful and corrupt abuse of their authority against the obvious principles of natural justice. (See 36 Mo. 244, 246–7; 2 Bac. Abr. 692, tit. King's Bench; Tidd's Pr. ch. 2.)

*Louis Houck*, for respondent.

This case should be dismissed because this court has no original jurisdiction in cases of this character. No writ issued in this case. It is a proceeding under sections 18 to 23, inclusive of chapter 24, Gen. Stat. 1865, p. 55, by notice. See art. VI, §§ 2, 3 of the State constitution defining the jurisdiction of this court; also the case of Foster v. State, 41 Mo. 61, and finally, Vail v. Dinning, 34 Mo. 212, settling the whole doctrine in defendant's favor.

BLISS, Judge, delivered the opinion of the court.

This is a proceeding under the statute concerning clerks (Wagn. Stat. 259–60, §§ 18–23), to subject the defendant to trial in this court for a misdemeanor in office, and the relator is met by a motion to dismiss the same for want of jurisdiction. It is not disputed that the proceeding is according to the statute, but the act itself is so far resisted as being unconstitutional. This is an old enactment made under our former constitution, which, so far as the jurisdiction of the Supreme Court is concerned, was the same as the present one, yet no case has arisen in which the question has been raised.

In Vail v. Dinning, 44 Mo. 210, another statute was reviewed which attempted to give this court original jurisdiction, and upon full deliberation it was held to be unconstitutional. The principles settled in that case must control the present one. This court court has "appellate jurisdiction only," except that it may issue certain specified writs "and other original remedial writs." This statutory proceeding for trying a clerk for misdemeanor in office, can by no straining be brought within the exception. No writ whatever is issued, and it is a naked attempt to impose an original duty upon the court forbidden by the constitution, and for the performance of which no adequate means are provided.

The proceeding is therefore dismissed. The other judges concur.