THE STATE ex rel. CHARLES M. YORK, Assistant Prosecuting Attorney of Schuyler County, v. J. S. LOCKER, Judge of Probate Court.

In Banc, December 22, 1915.

1. **COURTS: Legislative Jurisdiction.** As to a constitutionally recognized court, it is a general rule that the Legislature can neither add to nor subtract from the jurisdiction provided for it by the Constitution. And the enumeration in the Constitution of certain specific powers, with no hint of others to be added by law, is to be considered as an exclusion of all other powers.

2. **PROBATE COURTS: Power to Issue Habeas Corpus and Injunction Writs.** The Constitution enumerates the matters of which probate courts shall take cognizance, and neither a proceeding in *habeas corpus* nor a writ of injunction is among them, nor is either akin to the subjects named. The Constitution confers no power upon probate courts to issue writs of *habeas corpus* or injunction; and so much of section 2442, Revised Statutes 1909, as attempts by the use of the words "some court of record" to confer upon probate courts such power, is unconstitutional and void.

3. **HABEAS CORPUS: What Courts May Issue.** The Supreme Court, courts of appeals, circuit courts and county courts (when aided by statute) have a constitutional warrant for issuing writs of *habeas corpus*, but the Constitution confers no such power on probate courts, nor does it authorize the Legislature to confer it.

## Prohibition.

WRIT GRANTED.

*Walter Higbee* and *Charles M. York* for relator; *Higbee & Mills* of counsel.

(1) The probate court or the judge thereof has no jurisdiction to issue a writ of *habeas corpus.* Secs. 1 and 34, art. 6, Constitution; State ex rel. v. Tincher, 258 Mo. 15; State ex rel. v. Woodson, 161 Mo. 444; Johnson v. Railroad, 259 Mo. 544; Turner v. Anderson, 236 Mo. 529; State ex rel. v. Nast, 209 Mo. 719; 11 Cyc. 706, c; Harding v. State, 126 S. W. (Ark) 91; Finn v. Walsh, 121 N. W. (N. D.) 766, syl. 3.    (2) The judge of the circuit court of Scotland, where petitioners were confined, had exclusive jurisdiction to issue the *writ of habeas,* there being no allegation in the petition that he was absent from the county.    Sec. 2509, R. S. 1909; Ex parte Gaume, 162 Mo. 390; Ex parte Shoffner, 173 Mo. App. 403.

*Fogle & Fogle* for respondent.

(1) The probate court or judge in vacation had jurisdiction to issue the writ of *habeas corpus.* Sec. 2441, R. S. 1909; State v. Millsaps, 69 Mo. 359; State ex rel. v. Tincher, 258 Mo. 19; State v. Wilson, 175 S. W. 603.    (2) *Certiorari* will lie from the Supreme Court to review the proceedings in a *habeas corpus* case pending the circuit court, and before those proceedings have culminated in a trial, order or judgment; and to inquire into an absence, excess or abuse of jurisdiction.    State ex rel. v. Wurdeman, 254 Mo. 569.    (3) Prohibition being an extraordinary writ cannot be resorted to when the ordinary and usual remedies provided by law, such as *certiorari* or other modes of review, are available.    Mastin v. Sloan, 98 Mo. 252; State v. Klein, 116 Mo. 259; State v. Bower-

266Mo.25

man, 40 Mo. App. 576; Delaney v. Police Court, 167 Mo. 679. (4) Application for the writ of prohibition is premature until exception has been taken to the jurisdiction of the lower court and overruled and will be refused if this has not been done, for it is invariably presumed that courts will give to parties the relief to which they show themselves entitled. State v. Gill, 137 Mo. 681; State ex rel. v. Stobie, 194 Mo. 14; State v. Fox, 85 Mo. 61; State v. Withrow, 108 Mo. 1; State v. Anthony, 65 Mo. App. 543.

GRAVES, J.—To give the respondent the benefit of all doubt, we adopt the statement of facts presented here by his able counsel. In the view that we now have, and long since have had, of the law, this statement of facts will suffice. It reads:

"Jacob Gardner, Ivan Huff and Noble Bass were arrested by the sheriff of Schuyler county, on the complaint of Rosa Hoxie, charging them with the crime of rape. They were brought before the justice who issued the warrants, and their preliminary hearing was set for the 17th day of June, 1915. On said day the said sheriff produced them before the said justice, and indorsed his return on the said warrants and delivered them back to the said justice. The accused then filed with the said justice, before the commencement of the said hearing, their affidavit for a change of venue to some other township. Said justice forthwith awarded a change of venue and ordered said cause sent to John Minear for hearing before him on the 27th day of June, 1915, and then and there issued and delivered to said sheriff, as jailor of said county, a commitment for said accused, and said sheriff took said accused to the jail of Scotland county, where he had been confining them on account of the insufficiency and insecurity of the jail of Schuyler county. Said accused were never taken before said John Minear, and the transcript of the other justice, together with the papers in

the cause, was not sent to nor filed with said John Minear until several days after the change of venue was awarded as aforesaid.

"Eventually, the said John Minear discovered that the 27th day of June was Sunday and he then served notice on the accused that he had set the 1st day of July for the hearing, thus adjourning said cause more than ten days without the knowledge or consent of the accused and contrary to the laws of Missouri.

"The accused then, on the 29th day of June, same being twelve days after the change of venue was awarded, applied to the probate judge of Schuyler county, in the absence of the circuit judge, for their discharge from custody, alleging that the said commitment so issued, and under which they were illegally restrained, was void and that they had not been accorded a hearing within the time fixed by law.

"The distinguished attorneys for the State contested the issuance of the writ of *habeas corpus,* but the probate judge, after hearing the arguments of counsel for both sides, issued the writ and delivered the same to said sheriff, and in compliance with said writ, said sheriff produced said accused before said judge and made and filed his return to said writ of *habeas corpus* on the 30th day of June, 1915. Then by agreement of counsel and on the request of the said accused the *habeas corpus* matter was set for trial on the 7th day of July, 1915. But the service of the provisional writ of prohibition being had, preceding said date, this matter thus stands in abeyance to this day.

"The accused, contending that the return of the warrants ended their force from that date, and that the said commitment was without any authority of law and void and of no force, now believe that they were entitled to their discharge at the time they filed their petition for the writ of *habeas corpus;* and they

now contend that, inasmuch as the sheriff attached the writ of *habeas corpus* to his return to said writ and filed the same therewith, he is now holding the accused without any writ, process, precept or warrant of law, and they are therefore entitled to their liberty.''

It should be added that as one ground for the application to this court for the writ of prohibition, it is charged that the probate courts of the State are without constitutional authority to issue writs of *habeas corpus*, and that therefore sections 2441 and 2442, Revised Statutes 1909, which purport to grant such authority are unconstitutional and void. In our judgment this contention is well founded, as we shall attempt to demonstrate, in the opinion to follow. Other grounds are urged, but if this be good, then the discussion of the others would be mere superfluity. This sufficiently states the case.

I. The question here involved is an interesting one. I first became interested in it in the course of my early practice. That sections 2441 and 2442, Revised Statutes 1909, grant to probate courts as courts of record, the power to grant writs of *habeas corpus* must be conceded. We have also statutes authorizing a probate court to grant a temporary injunction. [R. S. 1909, secs. 2512 and 2513.] In a series of cases of the Rich Hill Coal Mining Co. *versus* divers parties, temporary writs of injunction were granted by the probate court of Bates county and the cases certified to the circuit court of said county for trial upon the question of a permanent injunction. These temporary writs were prepared by the local counsel for such Mining Company. In the circuit we moved to quash the preliminary injunctions on the sole ground that the probate court had no constitutional power to issue such a writ, and Hon. James H. Lay, then the circuit judge of the 29th circuit, sustained said motion. From that time on I have

*Jurisdiction of Courts.*

heard of no temporary injunction being granted by probate courts in that circuit. The question there involved is the question here involved. It is the simple question as to whether or not the Legislature can give to a court a power not contemplated by the constitutional provisions fixing the powers of such court.

It is a general rule that the Legislature can neither add to nor subtract from the constitutional powers of a court. In 11 Cyc. 706, it is said:

"The provisions of the Constitution may be such as to operate as an express restriction or limitation upon legislative authority in respect to matters of the character under consideration, and it is a general rule that the Legislature is powerless to interfere with the jurisdiction, functions, or judicial powers conferred by the Constitution upon a court, nor can it diminish, enlarge, transfer, or otherwise infringe upon the same, nor abolish, reorganize, divide, or consolidate such constitutional courts or judicial districts, especially so where the court has long been acquiesced in as permanent."

In State ex rel. Cave v. Tincher, 258 Mo. l. c. 17, WALKER, J., said:

"These cases, while aptly illustrative of the application of the general rule in regard to the limitations placed by the Constitution upon legislation, do not, except in the Redmond case (Redmond v. Railroad, 225 Mo. 721), have particular references to the jurisdiction of courts as defined by the organic law. The rule, however, was by clear implication approved in Vail v. Dinning, 44 Mo. 210, construing an act of the Legislature which authorized a contestor for the office of circuit judge to institute an original proceeding in the Supreme Court to determine the issue. WAGNER, J., speaking for the court, said: 'In the first place, . . . the jurisdiction of this court is defined and limited by the Constitution. It has such powers and jurisdiction as the Constitution has con-

ferred upon it—no more, no less. It cannot shirk any duty imposed on it by the organic law, nor can it extend its powers to take cognizance of any matter not within the scope of its limited authority. The Legislature can neither add to nor diminish its rightful jurisdiction. That body can invest it with no original jurisdiction when it is not given by the Constitution, nor can they deprive it of its appellate jurisdiction.' The doctrine here announced was approved in State ex rel. v. Flentge, 49 Mo. 488, in which the court held that the Legislature was not authorized to enact a law subjecting clerks of courts to trial in the Supreme Court for misdemeanors in office. By parity of reasoning it would seem that this rule should apply with equal force to any other constitutional court whose powers are therein definitely defined, as is the case in regard to probate courts. [Sec. 34, art. 6, Constitution.]''

It is true that Judge WALKER adds that even in violation of the rule the Legislature has added powers to the probate court, and instances there *habeas corpus* and injunctive statutes.

However in State ex rel. v. Woodson, 161 Mo. l. c. 454, Judge VALLIANT does not leave a debatable question in the case. He there says:

''It is contended that our statutes confer on the judge the authority to hear and determine the whole issues in a case of this kind in vacation. If there is such a statute, it is in violation of section 1, article 6, of our Constitution, above quoted. In that section the Constitution disposes of all the judicial power of the State in matters of law and equity, and it leaves nothing to be disposed of by the General Assembly. This is the view the Supreme Court of Michigan took of the same subject. That court said :'By article 6 of our Constitution, the judicial power is vested in one Supreme Court, in circuit courts, in probate courts, and in justices of the peace  .  .  .    Section 2 of this

act confers upon the judge in vacation the authority to hear and determine summarily upon the questions of the insolvency of the debtor; the giving or attempting to give preferences; his refusal or neglect to make assignment of his property; and his orders and judgment (if he makes any) are final and conclusive . . . A statute which confers such judicial powers upon a circuit judge at chambers is clearly in conflict with article 6, section 1, of the Constitution.' [Risser v. Hoyt, 53 Mich. 185.]''

It may therefore be safely asserted as a rule that as to the constitutionally recognized courts the Legislature can neither add to nor take from the jurisdiction provided for such court by the Constitution.

II. By section 1 of article 6 of the Constitution, the whole judicial power of the State is thus vested:

''The judicial power of the State, as to matters of law and equity, except as in this Constitution otherwise provided, shall be vested in a Supreme Court, the St. Louis Court of Appeals, circuit courts, criminal courts, probate courts, county courts and municipal corporation courts.''

Probate Courts: Power to Issue Writs of Habeas Corpus.

By later constitutional amendments the Kansas City and Springfield Courts of Appeals have been added to the foregoing list. By section 34 of article 6 the jurisdiction of probate courts is fixed. This section reads:

''The General Assembly shall establish in every county a probate court, which shall be a court of record, and consist of one judge, who shall be elected. Said court shall have jurisdiction over all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and curators of minors and persons of unsound mind, settling the accounts of executors, administrators, curators and guardians and the sale or leasing

of lands by administrators, curators and guardians; and also jurisdiction over all matters relating to apprentices: Provided, that until the General Assembly shall provide by law for a uniform system of probate courts, the jurisdiction of probate courts heretofore established shall remain as now provided by law.''

We have a specific outline of the matters over which probate courts can exercise jurisdiction. Not a thing in this clause of the Constitution even hinting at any power in such courts to grant the extraordinary writs, either of injunction or *habeas corpus*. The subjects mentioned in this section are not even akin to injunction proceedings or *habeas corpus* proceedings. In other words the Constitution says to the Legislature, ''You shall establish in every county a probate court,'' but it, in the very same section, says what matters shall be cognizable before such courts when so established, and a proceeding in *habeas corpus* is not one of the things named. Nor does it even fall within the general classes of matters there named. Following the general rule that constitutional clauses fixing the jurisdiction of a court are clauses restrictive in nature, there can be no doubt that the Legislature passed an unconstitutional and void law in the enactment of section 2442, Revised Statutes 1909, so far as the probate courts may be considered therein as courts of record. Whilst it is true that this section does not specifically name probate courts, yet it does say that the petition for the writ of *habeas corpus* must be addressed to some court of record, and a probate court is a court of record, so that such a court falls within the class of courts named in the statute. It is clear therefore that this section authorizes probate courts to hear such cases, and equally clear that such a power is not one given such court by the Constitution. The statute therefore, in so far as it attempts to include probate courts, is violative of the Constitution (Sec. 34, art. 6) and void.

Approaching the question from another angle we find that the Constitution-makers were somewhat specific with reference to writs of *habeas corpus*. Thus by section 3 of article 6 of the Constitution the Supreme Court is given specific authority to issue such writs—section 12 of the same article gives specific authority to the Courts of Appeals. Section 22 of the same article gives authority to the circuit courts. Such authority is not specific as are the other two, but is broadly couched in the language:

"The circuit court shall have jurisdiction over all criminal cases not otherwise provided for by law; exclusive original jurisdiction in all civil cases not otherwise provided for."

From section 36 of article 6 may be gathered the power of a county court. That section reads:

"In each county there shall be a county court, which shall be a court of record, and shall have jurisdiction to transact all county *and such other business as may be prescribed by law.* The court shall consist of one or more judges, not exceeding three, of whom the probate judge may be one, as may be provided by law."

We have italicized the clause which might authorize the Legislature to confer jurisdiction in *habeas corpus* on such courts. So that of all the courts named in the Constitution, constitutional warrant to hear *habeas corpus* proceedings may be found for the Supreme Court, Courts of Appeals, circuit courts and county courts exercising such a power. Of the divers courts of record the probate courts stand alone without such a constitutional warrant of authority. Where the Constitution-makers were continually dealing with the subject of writs of *habeas corpus,* it is singularly strange that they would use language as to all courts of record tending to give authority for such a jurisdiction, and use the limited language found in section 34 of article 6 with reference to probate courts.

Having made ample provision for the hearing of such proceedings in other courts, the express powers given to the probate courts as to entirely different subject-matters should be considered as limiting the powers of such courts to the matters in said section 34 named. The constitutional granting of specific powers, without any hint of others to be added by law, must be taken as an exclusion of all other powers, including in such exclusion the hearing of *habeas corpus* proceedings.

We see no escape from holding that the statutory attempt to confer this jurisdiction upon probate courts is void and we so hold. It follows that our preliminary rule in prohibition should be made permanent and it is so ordered. All concur.