NELLIE F. PECK, AUSTIN PECK, Jr., and R. LESLIE PECK, Appellants, v. Estate of ELIZABETH FILLINGHAM, deceased, ARTHUR FILLINGHAM, executor, Respondent.

St. Louis Court of Appeals. Opinion Filed April 2, 1918.

1. **EXECUTORS AND ADMINISTRATORS:** Subrogation: Claim against Estate: Jurisdiction of Probate Court: Statute. While section 198, Revised Statutes 1909, provides that the probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate, yet the probate court has no jurisdiction over a claim against a testatrix's estate arising from the fact that mortgagees foreclosed deeds of trust given by testatrix on realty specifically devised to claimants, thus forcing claimants to pay the incumbrances, they claiming to be subrogated to the rights of the holders of the incumbrances and to have the claim allowed against the estate; for subrogation is a subject cognizable alone in courts which have equitable jurisdiction.

2. **COURTS:** Probate Courts: Powers: Jurisdiction. In Missouri, the probate courts have no inherent powers, their powers being entirely derivative, and they exercise such powers only as are conferred by or implied from legislation.

3. ———: ———: ———: ———. And while probate courts, in administering justice in proceedings over which they have jurisdiction, may apply equitable and common-law principles in reaching their conclusions, they have no common-law or chancery jurisdiction.

4. **SUBROGATION:** Subrogation to Claim against Estate: Secured Incumbrances: Statute. Section 197, Revised Statutes 1909, provides that when a claim is allowed against an estate, which is secured by a mortgage, deed of trust, or other lien, held by the creditors, the same may be allowed as other claims, but shall not be paid until such security held by the claimant has been exhausted; but if the security be not sufficient to pay off and discharge the debt of such creditor, then such creditor, for the residue of the debt, shall be entitled, in common with other creditors, to have it paid out of the estate. *Held,* that since, under the statute, mortgagees of realty specifically devised, who had the amounts of their debts paid off in full through the sale of the property secured by the deeds of trust, they purchasing the property at such foreclosure sale, such mortgagees had thereafter no claim whatsoever against the estate of the deceased; also, they had no claim against such estate on the theory of subrogation, for on that theory they can only stand in the shoes of the mortgagee at the time of the death of the decedent.

5. **WILLS:** Devise Subject to Incumbrance: Statute. Section 542, Revised Statutes 1909, provides that a charge or incumbrance upon any real or personal estate to secure the payment of moneys, etc., shall not be deemed a revocation of any will relating to the estate previously executed; but the devises and legacies therein contained shall pass and take effect, subject to such charge or incumbrance, *held* that unless a will specifically provides otherwise, or the intent of the testator is manifest from the instrument itself that real estate devised subject to an incumbrance shall have the amount of the incumbrance paid off out of the assets, such real estate passes to the devisee subject to such incumbrance.

6. **COURTS:** Circuit Court: Probate Court: Suit to Construe Will: Jurisdiction. The probate court has no jurisdiction of a suit to construe testatrix's will as to her intention whether or not incumbrances on realty devised should be paid off out of funds of the estate, such suit must originate in the circuit court.

Appeal from the Circuit Court of St. Louis County.—
*Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*E. P. McCarthy* and *T. D. Cannon* for appellants.

(1) The circuit court erred in holding that the probate court was without jurisdiction to hear and decide the issues raised herein. The Constitution of this State gives the probate courts jurisdiction "over

all matters pertaining to probate business;'' as to matters pertaining to probate business the statute declares that the probate courts shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of the testator or intestate. It matters not whether the demand be regarded as legal or equitable, the statute confers upon the probate court ample jurisdiction to determine the same. Constitution of Missouri, art. 6, sec. 34; Stanton v. Johnson's Estate, 177 Mo. App. 54, 57; Johnson v. Johnson, 72 Mo. App. 386, 388; State ex rel. v. Shackelford, 263 Mo. 52-63; Jarboe v. Jarboe, 227 Mo. 59, 93; Lietman's Extr. v. Lietman, 149 Mo. 112, 117; In re Estate of Elliott, 98 Mo. 379, 384; Hammons v. Renfrow, 84 Mo. 332; 340-341; French v. Stratton, 79 Mo. 560, 562-563; Johnson v. Beasley, 65 Mo. 250, 256; Ensworth v. Curd, 68 Mo. 282; Pierce v. Calhoun, 59 Mo. 271; Tittertington v. Hooker, 58 Mo. 593; 1 Woerner on Adm. (2 Ed.) sec. 149, p. 361-2; Rice on Probate Law, 265. (2) The devise of the real estate by the fourth clause of Elizabeth Fillingham's will, shows by its recitals that the testator intended to give said real estate to her daughter, Mrs. Peck and her daughter's children free of incumbrance. The children at the time were mere infants and wholly without estate aside from that willed to them by testator; the daughter, Mrs. Peck, was without means except the property devised by her mother. The clear intention of the testator was that the daughter would use the rents and profits and said real estate for her support during life and after Mrs. Peck's death the property would pass to the children. Knight v. Newkirk, 92 Mo. App. 258; Darr v. Thomas, 127 Mo. App. 1; Morris v. Bassett, 132 Mass. 502; Brown v. Baron, 162 Mass. 56; Sutherland v. Harris, 86 Ills. 363. (3) The holders of the encumbrances on the real estate specifically devised to plaintiffs could have proved up their claims against the estate of Elizabeth Fillingham in the probate court, but they did not do so; they

chose to foreclose the deeds of trust and sell plaintiffs properties. Plaintiffs having been thus forced to pay the said encumbrances on said real estate specifically devised, under the distressing circumstances shown in the evidence in this case, are subrogated to the rights of the holders of said encumbrances, and are entitled to have this claim allowed against the estate. Berthold v. Berthold, 46 Mo. 557; Allen v. Dermott, 80 Mo. 56; Fowler v. Fowler, 78 Mo. App. 330, 334; Foster v. Williams, 144 Mo. App. 220, 224. (4) The declaration of law asked by the plaintiffs and refused by the court should have been given at the close of the whole case. There was no conflict in the testimony; it appears beyond contradiction that the estate of Elizabeth Fillingham is solvent; it appears beyond contradiction that the encumbrances upon the real estate devised to plaintiffs specifically to the amount of $3589.63, was paid by compulsion by plaintiffs. It appears therefore that the plaintiffs are entitled to a direction from this court to the trial court to enter judgment for the plaintiffs upon the cause of action set forth in their petition, with interest at the rate of six per cent per annum from the date of filing the claim in the probate court. Section 2083, R. S. 1909; Warfield v. Hunt, 91 Mo. App. 541, 551; Meffert v. Dyer, 107 Mo. App. 462, 466; Rice v. Shipley, 159 Mo. 399, 409, Dickson v. Rouse, 80 Mo. 224, 228; Smith v. White, 165 Mo. 590, 596; State ex. rel. Walbridge, 153 Mo. 194, 204.

*Rassieur, Kammerer & Rassieur* for respondent.

(1) Under the Missouri law, the devisee takes encumbered property subject to the encumbrance, and the property itself is primarily liable for the payment of the encumbrance, and not the personal property belonging to the estate of the testator. The Missouri statute has abrogated the common law in that respect. Sections 197, 542, R. S. 1909; 2 Schouler on Wills, etc.

(5 Ed.), sec. 1430.   (2) The property itself being primarily liable for the payment of an encumbrance existing thereon, the property alone must be looked to for the payment thereof in the absence of personal property belonging to the estate.   The encumbrance cannot be transferred from one property to another. Adams v. Adams, 183 Mo. 396; Darr v. Thomas, 127 Mo. App. 1, 8; 2 Schouler on Wills, etc. (5 Ed.), sec. 1430. (3) Probate courts possess no inherent powers, have no equitable jurisdiction, and exercise such powers only as are conferred by or implied from legislation, and can consequently not hear a claim based solely on the doctrine of subrogation.   In re Elliot's Estate, 27 Mo. App. 218; Bramel v. Cole, 136 Mo. 201; Ford, Administrator v. Talmage, 36 Mo. App. 65; First Baptist Church v. Robberson, 71 Mo. 326; Butler v. Lawson, 72 Mo. 227; Reed v. Reed, 94 Mo. 590; Evie v. Ewing, 120 Mo. App. 129; State ex rel. v. Bird, 253 Mo. 579; 11 Cyc. 795.   (4) Courts of equity alone have authority to construe wills (with the exception of the incidental authority possessed by probate courts to enable them to properly distribute the assets of estates), and alone have power to follow trust funds or impose conditions or limitations upon their use or disposition.   First Baptist Church v. Robberson, 71 Mo. 326; Woerner's Law of Administration (2 Ed.), par. 155; 40 Cyc. 1842.

BECKER, J.—This case originated in the probate court of St. Louis county where plaintiffs below, appellants here, filed a claim against the estate of Elizabeth Fillingham, deceased.   Said probate court dismissed plaintiffs' claim on the ground that it had no jurisdiction.   On appeal the circuit court of St. Louis county heard the case without the intervention of a jury, and ruled that the probate court was without jurisdiction to entertain plaintiffs' claim and accordingly entered judgment for the defendant. After an unavailing motion for new trial, plaintiffs bring this appeal.

The demand upon which this claim is based will best be understood by setting out in full the claim as originally filed. It is as follows:

"Claimant Nellie F. Peck states that she is the wife of Austin Peck, and daughter of Elizabeth Fillingham; that claimants August Peck, Jr., and Leslie Peck are her sons and only children."

"Claimants state that under and by the terms of the last will of said Elizabeth Fillingham said testatrix devised to claimant Nellie F. Peck for her use during her life and at her death to her children, certain property therein described as lots numbered 12 and 15 in block A of plat of West Horton Place, in the county of St. Louis and State of Missouri;"

"That said Elizabeth Fillingham during her lifetime, towit on August 20, 1903, made and executed her promissory note of that date payable to the order of Edward H. Fisher three years after date for the principal sum of twenty hundred dollars, bearing interest at eight per cent, from maturity, which note was signed by Elizabeth Fillingham and her husband, Charles Fillingham; that at the same time said Elizabeth Fillingham and her husband executed a deed of trust by which they conveyed to Charles F. Vogel as trustee for said Edward H. Fisher said property above described as lot 12 in block A of West Horton Place, in trust to secure the payment of said principal and interest; that at the time of the death of said Elizabeth Fillingham there was due from her on said note the sum of eighteen hundred dollars principal and $41.25 interest represented by a note signed by her August 20, 1906, for $49.50; that no part of said sum was paid by said Elizabeth Fillingham or her estate; that because of said non-payment of said principal and interest the then holder of said note advertised said property for sale at foreclosure sale under said deed of trust and on or about the 3rd day of September, 1910, said property was sold at foreclosure sale under said deed of trust for the purpose of satisfying said principal and interest; that out of the proceeds of said

sale said indebtedness of said Elizabeth Fillingham then amounting to the sum of $1800 principal $203.63 interest and $41.50 costs of sale, or a total of $2045.13, was paid;''

''Claimants state that by reason of said payment of said indebtedness of said Elizabeth Fillingham out of the proceeds of sale of her property said estate of Elizabeth Fillingham is now indebted to them in the sum of $2045.13;''

''Claimants further state that said Elizabeth Fillingham assumed payment of two certain principal notes for a total of fourteen hundred dollars dated January 31, 1900, made by Lillie E. Campbell and Isaac W. Campbell and secured by deed of trust on property hereinbefore described as lot 15 of block A of West Horton Place; that neither of said notes nor any part thereof was paid by said Elizabeth Fillingham and that at the time of her death there was due from her on said note the sum of fourteen hundred dollars principal with interest; that no part of said indebtedness was paid by the estate of said Elizabeth Fillingham; that because of said non-payment of said principal and interest the then holder of said notes advertised said property for sale under said deed of trust and on the 14th day of January, 1911, said property was sold at foreclosure sale under said deed of trust for the purpose of satisfying said indebtedness of Elizabeth Fillingham then amounting to the sum of $1491.06 interest and $53.44 costs, or a total of $1544.50 was paid;''

''Claimants state that by reason of said payment of said indebtedness of Elizabeth Fillingham out of the proceeds of sale of their property said estate of Elizabeth Fillingham is now indebted to them in said sum of $1544.50.''

''Wherefore claimants present this claim and demand for said first named sum of $2045.13 and said second named sum of $1544.50, to-wit for the total sum of $3589.63 due them as aforesaid from said estate of Elizabeth Fillingham, and ask that the same be allowed

and classified as a demand and charge against said estate and that the executor thereof be ordered to pay the same out of said estate.''

Learned counsel for plaintiffs seriously contend that the circuit court erred in holding that the probate court is without jurisdiction to hear and to determine the issues raised herein. The gist of the argument made in support of this contention is that the Constitution of this State gives the probate court jurisdiction ''over all matters pertaining to probate business'' and the statute declares that the probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of the testator or intestate and therefore it matters not whether such demand be regarded as legal or equitable, and that since the holders of the encumbrances on the real estate specifically devised to plaintiffs could have proven up their claim against the estate of Elizabeth Fillingham in the probate court, but instead said mortgagees having chosen to foreclose the deeds of trust and sell plaintiffs' property, thus forcing the plaintiffs to pay the said encumbrances on the real estate specifically devised to plaintiffs, the said plaintiffs are thereby subrogated to the rights of the holders of said encumbrances and are entitled to have this claim allowed against the estate.

The fallacy of this position is readily apparent. While it is true that section 189, Revised Statutes of Missouri, 1909, provides that the probate court shall have jurisdiction to hear and determine all suits and other proceedings instituted against executors and administrators upon any demand against the estate of their testator or intestate, yet when we come to examine the nature of plaintiffs' claim, taking it in the view most favorable to plaintiffs and considering their claim as one based upon subrogation, which is a subject cognizable alone in courts which have equitable jurisdiction, we must hold that the probate court has no jurisdiction,    [Furnold v. Bank,

44 Mo. 336, 1. c. 338; Petty v. Tucker, 166 Mo. App. 98, 1. c. 101, 148 S. W. 142.]

It is a well settled rule in this State that our probate courts have no inherent powers their powers being entirely derivative, and exercise such only as are conferred by or implied from legislation, though it is true that in those matters over which they have jurisdiction they are courts of vast powers. And while these courts, in administering justice in proceedings over which they have jurisdiction, they may apply equitable and also common-law principles in reaching their conclusions, yet they have no common-law or chancery jurisdiction. [State ex rel. Fleming v. Shackelford, 263 Mo. 52, 172 S. W. 347; Lietman's Estate v. Lietman, 149 Mo. 112, 50 S. W. 307; In re Jarboe's Estate, 227 Mo. 59, 127 S. W. 26; State ex rel. Baker v. Bird, 253 Mo. 569, 162 S. W. 119.]

Upon the theory of subrogation plaintiffs can only stand in the shoes of the mortgagee at the time of the death of the decedent, and section 197, Revised Statutes of Missouri, 1909, provides that when a claim is allowed against an estate which is secured by a mortgage, deed of trust, or other lien, held by the creditors, the same may be allowed as other claims but shall not be paid until such security held by the claimant has been exhausted; *but if the security be not sufficient to pay off and discharge the debt of such creditor,* then such creditor, *for the residue of his debt,* shall be entitled in common with other creditors to have the same paid out of the estate. The record in this case is not contradicted but that the amount of the claim of each of the mortgagees was paid off in full by the sale of the property under the deed of trust, which sales were had after the lapse of nine months after the death of the intestate, as provided by statute. So that the mortgagees under the circumstances having had their amounts paid off in full through the sale of the property secured by the deeds of trust, such mortgagees had thereafter no claim whatsoever against the

estate of the deceased, and therefore the plaintiffs (who the record shows were the purchasers of the property at the foreclosure sale) could have no claim by reason thereof against the estate of the deceased.

When we come to examine section 542, Revised Statutes of Missouri, 1909, which provides that a charge or encumbrance upon any real or personal estate for the purpose of securing the payment of moneys or the performance of any covenants or agreements, shall not be deemed a revocation of any will relating to the estate previously executed; but the devises and legacies therein contained shall pass and take effect, subject to such a charge or encumbrance, we are of the opinion and so hold that unless the will specifically provides otherwise or the intent of the testator is manifest from the instrument itself that real estate devised subject to an encumbrance shall have the amount of the encumbrance paid off out of the assets of the estate, such real estate passes to the devisee subject to such encumbrance.

What we have said above disposes of plaintiffs' claim upon plaintiffs' theory of subrogation. But even though we were to view plaintiffs' claim as in fact a suit to construe the will of the deceased testatrix as to the intentions of testatrix, whether or not the said encumbrances were to be paid off out of funds of the estate, then it is equally clear that the probate court had no jurisdiction; such a suit must originate in the circuit court. [First Baptist Church v. Robberson, 71 Mo. 326.]

We are of the opinion and so hold that plaintiffs' claim is based on the doctrine of subrogation which is clearly a demand for equitable relief and therefore the probate court, as well as the circuit court, properly held that the probate court had no jurisdiction to entertain the claim. The judgment is accordingly affirmed. *Reynolds, P. J.,* and *Allen, J.,* concur.