The FIRST NATIONAL BANK OF KANSAS CITY, Missouri, a Corporation, Successor Trustee under the Will of Daniel F. Trigg, deceased, Respondent,

v.

MERCANTILE BANK & TRUST COMPANY, a Corporation, Appellant.

No. 50061.

Supreme Court of Missouri.

En Banc.

March 9, 1964.

Jack B. Robertson, Rogers, Field & Gentry, Kansas City, for appellant.

Donald H. Chisholm, Stinson, Mag, Thomson, McEvers & Fizzell, Charles C. Oliver, Jr., Kansas City, for respondent.

Thompson, Mitchell, Douglas & Neill, James M. Douglas, Robert Neill, W. Stanley Walch, St. Louis, for Mercantile Trust Co., amicus curiae.

Bryan, Cave, McPheeters & McRoberts, George W. Simpkins, Robert H. McRoberts, Jr., St. Louis, for St. Louis Union Trust Co., amicus curiae.

Lewis, Rice, Tucker, Allen & Chubb, Charles C. Allen, Sr., Charles C. Allen, Jr., St. Louis, for The Boatmen's Nat. Bank of St. Louis, amicus curiae.

James E. Campbell, Kansas City, amicus curiae.

PRITCHARD, Commissioner.

This case arose over the appointment of the First National Bank of Kansas City, respondent, as successor testamentary trustee under the will of Daniel F. Trigg, de-

ceased, by the Probate Court of Jackson County, Missouri, at Independence, following which respondent brought a successful action to recover some $6,169.03 (including interest) deposited under said will with appellant bank by the former trustee who is now deceased.

■ The answer and brief of appellant challenge the constitutionality of two sections of the Probate Code of Missouri, Sections 472.020 and 456.225 [all statutory references are to RSMo 1959, V.A.M.S., unless otherwise stated], which sections purport to grant jurisdiction to the probate courts over the administration of testamentary trusts, and to set up the procedure therefor. Thus the appeal, raising the constitutional question, is properly lodged in this court. Mo. Const. Art. V, Sec. 3, V.A.M.S.

The chain of events giving rise to the present litigation is more specifically this: By the last will and testament of Daniel F. Trigg, who died June 25, 1960, the residue of his estate was bequeathed to the executor (William R. Moore) of his will as "Trustee for the members of the Local Camp of the Boy Scouts of America and to be used by said Camp in Oak Grove, Missouri, only as directed by its officers, * * *." This will contains no directions as to a successor trustee of the trust estate. The estate was duly administered, distribution was made, and William R. Moore, as trustee, on October 11, 1961, deposited the distributive share of the trust (then $6,092.22) in an interest bearing savings account with appellant, in the name "Boy Scout Troop of Oak Grove, Missouri." William R. Moore died on June 3, 1962.

Thereafter, the Kansas City Area Council Boy Scouts of Missouri filed its petition in the probate court, alleging the foregoing facts, and further that there is no entity known as the "Local Camp of Boy Scouts of America" in Oak Grove, Missouri, but that in Oak Grove there are functioning groups of "Boy Scouts" designated as Troop 266 and Pack 266, and Troop 422 and Pack 422, which have charters from petitioner

and the National Council of Boy Scouts of America. The petitioner then prayed the probate court for the appointment of a successor trustee to administer said trust under Section 456.225. The Oak Grove "Committees" of the troop and pack groups located there also filed their petition joining with the above named petitioner, and adopted the allegations of the latter.

On September 19, 1962, the probate court by order appointed respondent as successor trustee to William R. Moore, deceased, under the will of said Daniel F. Trigg, deceased. Thereafter, respondent filed its petition in the Circuit Court of Jackson County, Missouri, attaching thereto as exhibits the probate court proceedings as set forth above, and prayed judgment against appellant for the amount of the aforesaid savings account upon the grounds that appellant had refused to register the account in the name of the appointed successor trustee, or to honor its request for withdrawal of the funds.

By answer, appellant admitted the facts alleged in the circuit court petition, but averred that it is in doubt as to the jurisdiction of the probate court to render the judgment, decree and order of September 19, 1962, and that it is in doubt as to whether or not it would be protected from further liability in the event of claims against it by or on behalf of the beneficiaries of the trust. Further answering, appellant alleged that said sections 456.225 and 472.020 are unconstitutional insofar as they purport to confer any jurisdiction whatsoever upon the probate court with respect to the matters and things in said judgment, decree and order, and that said sections violate Section 16 Article V of the Missouri Constitution in that it is not within the power of the legislature to determine that any part of the administration of a testamentary trust is within the scope of "matters pertaining to probate business" as such term is used in said section of the Constitution.

The statutory enactments which are here in controversy are as follows:

"472.020 Jurisdiction of probate court. The probate court has jurisdiction over all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians of minors and persons of unsound mind, settling the accounts of executors, administrators and guardians, and the sale or leasing of lands by executors, administrators and guardians, including jurisdiction of the construction of wills as an incident to the administration of estates, of the determination of heirship, *of the administration of testamentary trusts* and of such other probate business as may be prescribed by law. (L.1955, p. 385, § 3.)" (Emphasis supplied.)

"456.225 Testamentary trusts—bond required, when—accounting may be required, procedure.

"1. Before rendering any decree of partial or final distribution of any bequest or devise in trust, the probate court, in its discretion, may require any trustee named as distributee in the will creating such trust to file bond, in an amount and with security fixed by the court, conditioned upon the faithful performance of the duties of the trustee, except the court shall not require a bond if the will which creates the trust directs that no bond shall be required of the trustee or trustees. No bond shall be required if the trustee is the surviving spouse of the testator or if the trustee or any co-trustee of the trust is a corporation and has a certificate of the commissioner of the state of Missouri that it has complied with the provisions of section 363.700, RS Mo.

"2. Upon the written petition of any person shown to be a beneficiary of a trust created by the last will and testament of any deceased person probated in this state, and upon a showing that no verified accounting of the administration of the trust has been made to

such beneficiary or made available upon request within the preceding year, the probate court in which the will was probated may, in its discretion, order the trustee to file in such court a verified written accounting of its administration of the trust covering the period of time ordered by the court.

"3. The probate court decreeing distribution of a bequest or devise in trust has the same jurisdiction of or with respect to the testamentary trust as the circuit court, and its jurisdiction is concurrent with that of the circuit court. Within thirty days after the filing of any cause and before any hearing in the probate court involving the administration of a testamentary trust, any interested party may, upon written motion, require the same to be transferred to the circuit court of the county, and the cause thereafter shall be proceeded upon in all respects as if a probate judgment thereupon had been appealed.

"4. The person petitioning for any judgment authorized by this section shall cause to be served upon all interested persons such notice or process as is required by law and in addition as may be ordered by the court. Before any hearing on any petition authorized by this section the court shall appoint a guardian ad litem to appear on behalf of and represent the interests of beneficiaries of the trust under legal disability, unknown beneficiaries or beneficiaries not then in being, including all persons as may under any contingencies become beneficiaries of or financially interested in the trust estate. The notice to or on behalf of public charitable beneficiaries shall be given to the attorney general of the state. Laws 1961, p. 652, §§ 1–4."

The constitutional provision with which the foregoing statutes are alleged to be in conflict is as follows:

Section 16, Article V, Constitution of Missouri 1945:

"There shall be a probate court in each county with jurisdiction of all matters pertaining to probate business, to granting of letters testamentary and of administration, the appointment of, guardians and curators of minors and persons of unsound mind, settling the accounts of executors, administrators, curators and guardians, and the sale or leasing of lands by executors, administrators, curators and guardians, and of such other matters as are provided in this constitution."

The brief of Amicus Curiae, James E. Campbell of Kansas City, Missouri, (contending with respondent) and the joint brief of Amici Curiae, Mercantile Trust Company, St. Louis Union Trust Company and the Boatmen's National Bank, all of St. Louis, Missouri, (contending with appellant) have been filed by leave of court.

While we believe that the issue here is whether or not the legislature, in enacting these two sections (472.020 and 456.225), has exceeded its authority in granting to the probate court jurisdiction in a completely new field of law not heretofore vested in probate courts and not contemplated by the constitutional grant of power in Section 16, Article V, Constitution of 1945, the parties have discussed extensively the "equitable" powers of the probate court. We shall therefore deal with this matter briefly.

■ We think there are many matters pertaining to probate business where the probate court may invoke the so-called "plenary" or complete equitable principles to grant full and complete relief in carrying out its function of successfully completing the administration of a decedent's estate. For example, see Hoffmann v. Hoffmann's Ex'r, 126 Mo. 486, 29 S.W. 603 (enforcement of an antenuptial agreement between a decedent and his wife, and for accounting of trust funds held by the decedent under the contract); Gentry v. Gentry, 122 Mo. 202, 26 S.W. 1090, 1096 (recovery from the estate of rents and profits pending assign-

ment of dower); Lolordo v. Lacy, 337 Mo. 1097, 88 S.W.2d 353 (discovery of assets from foreclosure sales, held by and commingled with the own funds of the trustee in foreclosure); State ex rel. Stetina v. Reynolds, 286 Mo. 120, 227 S.W. 47 (discovery of assets by granddaughter in grandmother's estate as against the contention that the grandmother held the funds as a trustee). It is apparent that the thread of jurisdiction in these typical cases concerning "equity matters" is tied to what is necessary and practicable in the exercise of the probate court's powers in matters pertaining to probate business, i. e., the collection and marshaling of assets, including disputed claims as to what is or is not an asset, the allowance of claims, or demands and the proper distribution of the remainder of the estate to the persons entitled thereto. See Downey v. Schrader, 353 Mo. 40, 182 S.W.2d 320 where this court said, "Matters of probate business, as commonly understood and under all the authorities, pertain to the proving of wills, the appointment of guardians and curators, and the administration and settlement of the estates of decedents, incompetents and the like." See also State ex rel. Kowats v. Arnold, 356 Mo. 661, 204 S.W.2d 254, 257; North v. Hawkinson, Mo., 324 S.W.2d 733, 745 [11].

Whatever inconsistencies appear in the decisions with respect to the equitable powers of the probate court in probate matters would seem to be now resolved by the enactment of Sec. 472.030, providing that the probate court "has the same legal and equitable powers to effectuate its jurisdiction and to enforce its orders, judgments and decrees in probate matters as the circuit court has in other matters * * *." See Mathews v. Pratt, Mo., 367 S.W.2d 632, 635 [4–6]; State ex rel. Baker v. Bird, 253 Mo. 569, 162 S.W. 119, 122 [2–4]; Peck v. Fillingham's Estate, 199 Mo.App. 277, 202 S.W. 465, 467 [2–3]; Howard's Estate v. Howe, 344 Mo. 1245, 131 S.W.2d 517, 520; Stark v. Moffit, Mo.

App., 352 S.W.2d 165, 169 [3–6], all to the effect that the probate court (even before the new code) like other courts of law, consider and determine questions of an equitable nature incident to the exercise of its statutory powers.

On the other hand, it is the rule in this state that the circuit courts inherently, traditionally and historically have had exclusive, original jurisdiction in what has been termed "purely equitable matters." Stark v. Moffit, Mo.App., 352 S.W.2d 165; In re Frech's Estate, Mo., 347 S.W.2d 224; In re Schield's Estate, Mo., 250 S.W.2d 151; State ex rel. and to Use of Clay County State Bank v. Waltner, 346 Mo. 1138, 145 S.W.2d 152; Bramell v. Cole, 136 Mo. 201, 37 S.W. 924; Dietrich v. Jones, 227 Mo.App. 365, 53 S.W.2d 1059. (At this time we would take the term "jurisdiction in purely equitable matters" to mean that the matter in the circuit court had no relation originally to the administration of a decedent's estate, or that such matter in the circuit court originally did not concern the jurisdiction of the probate court in other matters pertaining to probate business.) We consider also that the administration of testamentary trusts has always been vested in the equity division of the circuit court, where grounds have existed for invoking that jurisdiction, and this includes the appointment of successor trustees to the trusts. State ex rel. and to the Use of Kenney v. Johnson, 229 Mo.App. 16, 68 S.W.2d 858, 860 [1], and cases cited; Pilant v. Erwin, Mo.App., 130 S.W.2d 173, 175 [5]; Newton v. Newton Burial Park, 326 Mo. 901, 34 S.W.2d 118, 121 [8, 9]; Rawlings v. Rawlings, 332 Mo. 503, 58 S.W.2d 735; Barksdale v. Morris, Mo.App., 228 S.W.2d 414, 418 [4, 5]. See also, Sec. 14, Article V, Constitution of 1945, which is as follows: "The circuit courts shall have jurisdiction over all criminal cases not otherwise provided for by law, *exclusive original jurisdiction in all civil cases not otherwise provided for,* and concurrent and appellate jurisdiction as pro-

vided by law. Such courts shall sit at times and places in each county as prescribed by law." (Emphasis added.)

■ With respect to respondent's contention that the statutory enactments concerning testamentary trusts come within the constitutional provision, "matters pertaining to probate business," we believe there is rather clearly a distinction between the subject matter and purposes, above mentioned, of a decedent's testate estate and the administration of a testamentary trust which comes into being *after* the estate is distributed and closed and the trust is then independent of any probate court proceedings. There is no longer any purpose to collect and marshal assets, to pay claims and expenses, or to make a distribution other than by the terms of the trust contained in the will. It is at this point that the wishes of the testator become effectual that his trust estate be administered by some named individual or organization for the stated purpose of the trust, and whether or not the same shall be under judicial supervision. While respondent cites 23 Mo.L.R. 113, 147, "By virtue of the administration of an estate, probate court personnel may be expected to have acquired a degree of familiarity with the property interests involved, the trustees (frequently the executors) and the beneficiaries to be protected, which is often difficult of attainment by a circuit court. * * *," no case has been pointed out to us where our circuit courts have failed in their traditional administration of testamentary trusts, when their jurisdiction thereover has been called into being. However true and salutary are respondent's claims that such jurisdiction *should* be in the probate courts, we hold that the attempt here by the legislature to engraft upon the constitutional limitation of power granted to the probate courts in matters pertaining to probate business a jurisdiction over testamentary trusts, as contained in sections 472.020 and 456.225, is a nullity. The supervision and control of testamentary trusts is not included in the matters contained in

section 16, Article V of our Constitution, even when liberally construed to give the legislature extensive freedom in implementing the constitutional jurisdiction of probate courts. See In re Mortenson's Estate, 248 Ill. 520, 94 N.E. 120, where the precise question under a similar constitutional provision was so adjudicated.

It is relevant to note in this connection that the delegates to the 1945 Constitutional Convention did not grant to probate courts any additional jurisdiction than they had under the Constitution of 1875. The provisions of section 34, Article 6, Constitution 1875 were substantially readopted into section 16, Article V, Constitution 1945, with two significant changes: The initial words in the former Constitution, section 34, Article 6, "The General Assembly shall establish in every county a probate court, which shall be a court of record, and consist of one judge, who shall be elected. Said court shall have jurisdiction over all matters pertaining to probate business, * * *," were changed in the 1945 Constitution to: "There shall be a probate court in each county with jurisdiction of all matters pertaining to probate business, * * *," then ending with the added words, "* * * *and of such other matters as are provided in this constitution.*" (Emphasis supplied.) This last clause, we believe, would lend support to the premise that our people, through their duly selected delegates to the 1945 Constitutional Convention, intended to limit and reserve unto themselves any extension or expansion of the jurisdiction of our probate courts, and that the legislature therefore may not add to such jurisdiction beyond what is fairly and reasonably within the term "matters pertaining to probate business." State ex. rel. York v. Locker, 266 Mo. 384, 181 S.W. 1001, 1003; State ex rel. Cave v. Tincher, 258 Mo. 1, 166 S.W. 1028, 1030 [6].

■ Since the appointment of respondent as successor trustee of the trust in question by the probate court of Jackson County, Missouri, was based upon the two

statutes above set forth, herein declared to be unconstitutional, insofar as they purport to grant jurisdiction to the probate courts over testamentary trusts, such appointment was void, and therefore the judgment is reversed.

PER CURIAM.

The foregoing opinion by PRITCH-ARD, C., is adopted as the opinion of the Court.

EAGER, C. J., and STORCKMAN, DALTON, and HOLMAN, JJ., concur.

HOLLINGSWORTH, P. J., concurs in result.

LEEDY and HYDE, JJ., dissent.