## COWAN v. MUELLER et al., Appellants.

### Division One, June 20, 1903.

1. **Administration:** PRESENTATION OF CLAIMS: BAR. The statute has fixed two years as the limit within which persons not under disability having claims against the decedent susceptible of being established are required to present them to his administrator, and one who fails to present his claim within that time can not have his claim satisfied out of the assets of the estate, however great a surplus may remain in the hands of the administrator after all other claims have been paid.

2. **Limitation:** MEANING. A debt barred by the statute of limitations is not paid or satisfied or extinguished, but that simply means that the man who owes the debt can avoid a personal judgment by pleading the statute as a bar to such judgment.

3. ————: ADMINISTRATION: ACT OF 1891: APPLICATION. The statute of 1891 providing that when the debt secured by a mortgage is barred by the statute of limitations the mortgage shall also be considered barred, has reference to the general statute of limitations, and does not refer to the statute of limitations in the administration act which bars claims not presented to the administrator within two years.

4. ————: ————: MORTGAGE DEBT. The owner of a note secured by a mortgage made by decedent has two remedies for the collection of his note: one is in the probate court against the whole estate; the other, in the circuit court against the mortgaged property. The first will be barred by the two-year statute of limitation unless the note is presented for allowance in the manner prescribed by statute; the second proceeding is not barred except by the general statute of limitations.

5. ————: ————: ————: PRESENTATION. The owner of a note made by decedent can, after the two-year statute of limitations in which demands may be presented against the estate for allowance and classification has run, without ever having presented such note for allowance, have the deed of trust executed by decedent as security for its payment, foreclosed at any time within the period fixed by the general statute limiting the life of notes, and the purchaser thereat will take the title, rather than a purchaser at the administrator's sale to pay other duly allowed debts of decedent.

6. **Ejectment:** DAMAGES: DEMAND. Unless defendants in ejectment had notice of plaintiff's title before the suit was begun, they are chargeable with rents and profits in the way of damages only from the date of filing the suit.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

REVERSED AND JUDGMENT HERE.

*S. T. G. Smith* for appellants.

(1) The note secured by the deed of trust having been barred by the statute of limitations relating to proof of claims against estates of decedents, the power of sale conferred by the deed of trust was extinguished and plaintiff acquired no title by the trustee's deed, and the court erred in rendering judgment for plaintiff. R. S. 1899, sec. 4276; Eyermann v. Piron, 151 Mo. 116; Little v. Reid, 75 Mo. App. 266; American Mortgage Co. v. Milam, 64 Ark. 305; Salinger v. Black, 68 Ark. 449; Nelson v. Haeberle, 26 Mo. App. 1; Bauer v. Gray, 18 Mo. App. 164; Beekman v. Richardson, 150 Mo. 430; Montelius v. Sarpy, 11 Mo. 242. (2) The only evidence as to damages being the rental value, and it not being shown that defendants had knowledge of plaintiff's claim prior to the commencement of the action, the judgment for damages could only include such rental value from date of institution of suit, August 2, 1900, to date of rendition of judgment, February 25, 1901, at $6 per month, to-wit, $40.60, and the judgment of $47 as damages is excessive. R. S. 1899, sec. 3065.

*Wm. F. Woerner* for respondent.

(1) A deed of trust, mortgage or other collateral security may be foreclosed and a good title conveyed to the purchaser at the foreclosure sale, although the claim or note secured thereby has never been exhibited to the administrator of the deceased debtor, and although the time to prove claims against the estate has elapsed and it has never been established as a debt against the estate. Section 4276, Revised Statutes 1899, applies only to deeds of trust or mortgages barred by

the general statutes of limitations referred to in the chapter of which that section forms part, and does not, never has been, and never was intended to, apply to the special or two-year non-claim statute (sec. 185, R. S. 1899), found in the administration act. A failure to present a claim against the estate within the two years bars the claimant only of recourse against the estate, but has no effect on his right to foreclose or sell under his deed of trust or other lien created in the decedent's lifetime. Woerner's Amer. Law of Adm. (2 Ed.), sec. 409; Waughop v. Bartlett, 165 Ill. 124; Andrews v. Morse, 51 Kan. 30; Mahone v. Haddock, 44 Ala. 99; Beach v. Bell, 139 Ind. 167; Kittredge v. Nicholas, 162 Ill. 410; Baldwin v. Tuttle, 23 Iowa 71; Miller v. Helm, 2 Sm. & M. (Miss.) 697; Pope v. Boyd, 22 Ark. 538; Edwards v. Hill, 8 U. S. C. C. A. 237; Teel v. Winston, 22 Oreg. 489; Scammon v. Ward, 1 Wash. 182; Townsend v. Thompson, 24 Colo. 411. (2) The law here is the same as announced in the above authorities. The administration statute of non-claim does not apply to a creditor who does not seek to enforce his claim through the estate administered. In this State the paramount right of a creditor holding collateral security to realize on the same independently of the administration, so far as his security goes, has always been recognized (and, in fact, is now required, R. S. 1899, sec. 191), and numberless titles to real estate are now held on the strength thereof. It is only where the creditor does not rely on his security, but seeks satisfaction against the estate of the deceased debtor for a deficiency after exhaustion of the security, that the administration law applies, and then only for such deficiency, as to which he stands to the estate like any unsecured creditor. Hicks v. Jamison, 10 Mo. App. 40; Edmonson v. Phillips, 73 Mo. 61; Day v. Graham, 97 Mo. 403; Tucker v. Wells, 111 Mo. 403; R. S. 1899, sec. 191; Woerner on Adm. (2 Ed.), sec. 409. (3) None of the authorities referred to by appellants are inconsistent

with our contention.   They refer to the barring of the general liability of the estate on the personal obligation aside from the security, and are, hence, of no significance here whatever.

VALLIANT, J.—This is an action of ejectment. Plaintiff claims under a deed of trust executed by A. D. Wilson, the common source of title, to secure a note for $5,000, dated February 12, 1894, payable in five years.   Wilson died in 1896 and administration was duly had on his estate.   The note secured by the deed of trust was never exhibited to the administratrix, nor proven up against the estate, although the notice to creditors required by the statute (sec. 86, R. S. 1889; same, R. S. 1899) was duly given, and the two years' limitation prescribed by section 185, for exhibiting demands against the estate, had expired.   May 26, 1900, when the note was a little more than a year past due, the deed of trust was foreclosed and the plaintiff became the purchaser at the sale and received the trustee's deed, which was duly recorded.   That is the plaintiff's title.

December 12, 1899, the administrator of Wilson's estate, by order of the probate court, sold the land to the defendants, made them a deed thereto, and they went into possession under that deed, July 1, 1900. That is the defendant's title.

It was agreed that the monthly rental value of the property was six dollars.

This suit was begun August 2, 1900.   The judgment was for the plaintiff for possession of the premises, $47 damages, and $6 monthly rental from date of judgment, February 25, 1901.   Defendants appeal.

There is no dispute as to the facts; the only question in the case is one of law.   Appellants contend that because the debt secured by the deed of trust was not exhibited to the administratrix within the two years prescribed by the statute, nor proven up against the estate,

it was barred by the statute of limitations within the meaning of section 4276, Revised Statutes 1899, and the right to foreclose the deed of trust was therefore barred also, and in consequence the sale by the trustee was invalid and of no effect.

Until the passage of the Act of 1891, presently quoted, it was the law of this State that the right to foreclose a mortgage or deed of trust was not barred merely because the debt itself was barred by the statute of limitations. [Cape Girardeau Co. v. Harbison, 58 Mo. 90; Lewis v. Schwenn, 93 Mo. 26; Booker v. Armstrong, Id. 49; Combs v. Goldsworthy, 109 Mo. 151; Eyermann v. Piron, 151 Mo. 107.] The law on that subject was changed by an act of the General Assembly entitled,. "An Act to limit the time within which suits may be brought to foreclose mortgages and deeds of trust," approved February 18, 1891, the first section of which is as follows: "No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust, executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the statute of limitations of this State." [Laws 1891, p. 184.] That is now section 4276, Revised Statutes 1899. As the note secured by the deed of trust in question was not much more than one year past due when the deed of trust was foreclosed, it of course was not barred by the general statute limiting the periods within which personal actions might be brought. But the mortgagor, who was the maker of the note, died before the note was due, and the creditor never exhibited the demand to the administratrix, nor proved it up as a claim against the estate in the probate court, and the contention of appellants is that the debt became barred by the terms of section 185 of the law of administration which (following section 184, which requires that all demands before being allowed against the estate of a decedent shall be exhibited to the administrator) is in these words: "All

demands not thus exhibited in two years shall be forever barred, saving to infants," etc.

The question for decision is, is the debt barred within the meaning of the Act of 1891 (sec. 4276, R. S. 1899) above quoted, when it becomes barred within the meaning of section 185 of the law of administration? This is the first case in which this question has appeared in this court, and so far as our examination has gone, we have not found any discussion of it in the books. The learned counsel on both sides have given us in their briefs the benefit of their researches, but none of the authorities cited quite reach the point.

One of the important purposes of our law of administration is to wind up and distribute the estate as soon as possible, consistent with a due observance of the rights of creditors and distributees. For that reason the period of two years was fixed as the limit in which persons not under disability having claims susceptible of being established were required to present their claims under penalty of being thereafter excluded from all participation in the assets of the estate. So absolute is the bar of such an one from participation in the assets of the estate that even when all the creditors who have presented and established their claims in the probate court have been paid in full, and a surplus remains in the hands of the administrator for distribution to the next of kin, not only will the probate court not entertain his claim, but no other court can give him such relief. It was so held in Beeckman v. Richardson, 150 Mo. 430. To one who neglects to present his claim as therein required that statute is a complete bar to his satisfaction out of the assets of the estate. But is that a bar to the debt by the statute of limitations within the meaning of that term in section 4276?

When the statute of limitations bars a debt in the usual meaning of that term—in the technical meaning in which it is usually used—the effect is to preclude the creditor from recovering a personal judgment

against the debtor. When we say that a debt is barred by the statute of limitations we do not mean that it has been satisfied or otherwise extinguished, but we mean that the man that owes the debt can avoid a personal judgment by pleading the bar of the statute.

Before the statute of limitations has run its course, the holder of a mortgage note has two remedies: he may have a judgment against the debtor, and a decree for the sale of the property, the one being a proceeding *in personam,* the other partaking of the character of a proceeding *in rem,* but as we have seen, even when the right to proceed against the person had expired, the law before the Act of 1891 recognized the obligation as alive sufficiently to enable the holder to have it enforced against the thing. The Act of 1891 was intended to change that condition, and it in effect declared that when the creditor could no longer pursue the debtor in person, the mortgagee could no longer pursue the property. But when the debtor dies, that is the end of all proceedings *in personam* for the satisfaction of the debt. The proceedings in the probate court to administer the estate are proceedings *in rem.* Even where an administrator is sued on a debt of the intestate in the circuit court, the judgment is not against him in person, but against the estate. At common law the execution called for satisfaction *de bonis testatoris.* Under our system there is no execution, but the judgment is certified to the probate court to be satisfied out of the assets of the estate pro rata (if there is not sufficient to pay all) with other creditors who have proven their claims in that court. Therefore, when the mortgage debtor dies, the mortgagee's remedy of personal judgment is gone, but for it is substituted another remedy which is a proceeding *in rem.* The mortgagee, then, still has two remedies: one in the probate court against the whole estate, the other in the circuit court against the mortgaged property.

But when one proceeding *in rem* is barred, does it bar the other? The Act of 1891 says that when the debt is barred the mortgage is barred. That means when the mortgagee can no longer pursue the debtor, he can no longer pursue the thing mortgaged; that is, when the debt is barred under the general statute of limitations, the mortgage is barred also.

The question is asked in the brief of the learned counsel for appellant that, if the special statute of limitation in the administration law does not bar a debt within the meaning of the Act of 1891, when is the debt of the intestate barred so as to bar the right to foreclose?

The Act of 1891 makes no express provision for such case. It refers only to the general statute of limitations and it means that when the action on the debt under that general statute is barred, the right to foreclose the mortgage is barred, and that is all that it means.

But the argument is that the general statute of limitations has no application to the establishing of a claim or debt against the estate of an intestate, and therefore if the Act of 1891 refers only to that statute it has no reference to a mortgage debt after the death of the debtor. Whilst the Act of 1891 contains no express provision for such case, it covers it by analogy. When the debt would be barred by the general statute if the debtor were alive, the mortgage would be barred.

The judgment of the circuit court is in conformity to this interpretation of the statute, and is correct.

There is a mistake, however, to the amount of $6.40 in the assessment of plaintiff's damages. There is nothing in the record to show that defendants had notice of the plaintiff's title before the suit was begun; they are therefore chargeable with rents and profits in the way of damages from the date of filing the suit, which was August 2, 1900, to the date of the judgment, February 25, 1901, at $6 a month according to the

agreed statement, which would amount to $40.60.

The judgment of the circuit court is therefore reversed and judgment entered here for the plaintiff for possession of the property sued for, $40.60 damages, and six dollars monthly rental.

All concur. ·