JOHN R. GRIGG, Respondent, v. M. R. LIVELY, Administrator of the Estate of H. M. ZIMMERMAN, deceased, Appellant.*

Springfield Court of Appeals, December 7, 1923.

1. **EXECUTORS AND ADMINISTRATORS:** Time for Filing Claims after Granting of Letters Stated. Section 182, Revised Statutes 1919, provides that all demands against an estate shall be exhibited within one year from the date of the grant of letters and publication of notice, and where a claim against an estate does not become absolute until after the grant of letters and the publication of notice, the claimant has a year from the date of accrual in which to present it.

2. ————: Action Against Estate to Recover Back Money Paid Under a Contract to Purchase Land, Held Barred by Failure

to Present Demand or Sue in Time.  An action against an estate to recover money paid under a contract to purchase land made with decedent, after refusal of his heirs to perform, *held* barred by Revised Statutes 1919, section 182, where demand was not presented, or suit instituted, within a year after plaintiff's right to sue became absolute, and suit could not be maintained on the theory, that the administrator had received payment sought to be recovered as a trustee.

---

*Headnote 1.  Executors and Administrators, 24 C. J., section 949;
2.  Executors and Administrators, 24 C. J., section 958.

Appeal from Jasper County Circuit Court.—*Hon J. D. Perkins,* Judge.

REVERSED.

*M. R. Lively, Allen McReynolds* and *Halliburton & Burkhead* for appellant.

(a)  The petition fails to state facts sufficient to constitute a cause of action or equitable relief against respondent, M. R. Lively, Administrator.  Defect of petition is not waived.  McQuitty v. Wilhite, 213 Mo. 586.  (b)  This evidence does not support the allegations of the petition or the finding of facts or the conclusions of law or the judgment.  There is a fatal variance in the evidence and the pleadings.  Laclede Construction Company v. Tudor Iron Works, 169 Mo. 137. The plaintiff must recover on the cause of action sued on and not another.  Gardner v. Atlas Portland Cement Co., 193 S. W. 31; Rhodes v. Gunman, 156 Mo. App. 344; Kellerman Construction Co. v. Chicago House Wrecking Co., 137 Mo. App. 392.  (c)  The court erred in not holding and ruling that the right of procedure in this case is exclusive under the statute.  The petition alleges on a contract in writing for the conveyance of real estate, not executed by intestate, or its execution provided for.  In order to enforce specific performance, he must proceed under statute in such cases provided; or in circuit court by statute provided.  Secs. 168, 174,

R. S. 1919. If specific performance of contract for conveyance of real estate in writing executed by intestate is not sought, then whatever claim or demand plaintiff has becomes a claim or demand against the estate of the deceased and he is limited to his procedure under the statute in such cases, i. e., Secs. 186, 188, R. S. 1919. The petition at bar does not present a demand against the estate of Zimmerman or the administrator. The record shows plaintiff abandoned his remedy for specific performance. Remedies of vendee in executory contract of sale of real estate. 39 Cyc. 766, 1996. Claim arising out of breach of contract of sale is one which must be presented and allowed against the estate. 18 Cyc. 455, Note 86; 147 Pac. 259; 93 Pac. 723; Beekman v. Richardson, 150 Mo. 436; Titterington v. Hooker, 58 Mo. 593; Pierce v. Calhoun, 59 Mo. 274. (d) The one-year Statute of Limitations in the presentation and allowance of demands applies to this case. Sec. 182, R. S. 1919. Sec. 191, R. S. 1909. At time of commencement of administration in present case. In cases where demands are contingent and actual due date cannot be determined: Sec. 182, R. S. 1919, does not commence to run until the cause of action accrues and becomes effective from that date. Miller v. Woodward & Thornton, Admrs., 8 Mo. 169; Finney Admr. v. State to Use of Estiss, 9 Mo. 225; Chambers' Admr. v. Smith's Admr., 23 Mo. 174; Burton v. Rutherford, 49 Mo. 225; Singleton v. Townsend, Admr., 45 Mo. 379; Tenny's Admr. v. Lasley's Admr., 80 Mo. 665; Morgan v. Gibson, Admr., 42 Mo. App. 234; Greenbaum v. Elliott, Admr., 60 Mo. 25; Donnelly v. Hodgson, Admr., 13 Mo. App. 15; State ex rel. v. Tittman, 134 Mo. App. 163; State ex rel. v. Browning, 102 Mo. App. 457; Home Ins. Co. v. Wickham, 281 Mo. 300. Exception does not apply. Garvesche v. Lewis' Admr., 93 Mo. 197; Tenny's Admr. v. Lasley's Admr., 80 Mo. 665. (e) In the case at bar, when the plaintiff dismissed as to Lively, individually, or the judgment found in his favor, under the pleadings and the evidence, the judg-

ment rendered against Lively, Administrator, was un-authorized. McLaughlin, v. McLaughlin, Admr., 16 Mo. 250-251. Plaintiff must recover on the cause of action stated in the petition and not upon one stated in the reply. Busch v. Sturges, 281 Mo. 598. The court erred in ruling and holding, in effect, that the plaintiff could rescind the contract sued on in this case. Rescission, if had, must be *in toto*. The contract sued on was joint; neither Elliott nor his representatives were in court. 6 R. C. L., page 936, sec. 318; Och v. M., K. & T. R. R. Co., 130 Mo. App. 45. The right to rescind must be exercised within a reasonable time. In this case it was over three years. 6 R. C. L., 932, sec. 315; Park v. Richmond Turnpike Co., 1 L. R. A. 198. The burden is upon plaintiff to establish: (1) That an unconditional offer to rescind was made in a reasonable time; (2) that the cause was not the fault of plaintiff. Emery v. Boech-eimer Shoe Co., 167 Mo. App. 703; Sumrell v. American Multigraph Sales Co., 172 Mo. App. 384; 6 R. C. L., pp. 1076-1077, par. 11. The court erred in overruling re-spondent's motion for new trial, over his objection and exception. Authorities cited above. The court erred in overruling respondent's motion in arrest of judgment, over his objection and exception. This motion raises the sufficiency of the pleadings to sustain it; the suffi-ciency of the evidence to sustain it, and the form of the judgment and the effect of the judgment. Authorities above stated. Judgment must be within the limitations of pleadings. Lewis et al. v. School, 244 S. W. 90, Adv. sheet Nov. 22, 1922; Williamson v. Frazee, 242 S. W. 958. (f) The judgment rendered directs that execution is-sue against the administrator. It is needless to cite au-thorities to show that an execution cannot issue against the estate of deceased persons; no such proceeding has been allowed in the State since 1827. Judgments against such persons or their representatives have to be classed as other demands under our statutes and repeated de-cisions of the courts. Brown v. Woody, 64 Mo. 551;

Wernecke v. Woods, Admr., 58 Mo. 352; Sweringen v. Admr. of Eberius, 7 Mo. 421; Carson v. Walker, 16 Mo. 68.

*Grover C. James* for respondent.

(a) The petition in this case contains a clear and concise statement of facts entitling plaintiff to recover for money had and received, and alleges that defendant is holding same under such circumstances that he should not retain it, and that it should, according to equity and conscience, be returned to the plaintiff, to whom it belongs. The petition states facts sufficient to constitute a cause of action against appellant. 27 Cyc. 849, 878; Clifford Banking Company v. Conovan Commission Company, 195 Mo. 262, 288; Ford-Davis Mfg. Co. v. Maggee, 233 S. W. 267, 268; Garnett & Allen Paper Co. v. Midland Pub. Co., 156 Mo. App. 187; Gwin v. Smur, 49 Mo. App. 361. (b) Plaintiff's petition also states facts sufficient to constitute an action for rescission of the contract mentioned therein and the return to plaintiff of the money paid by him on the purchase price under the contract. The petition contains a prayer not only for the return of the money paid to appellant, but for full equitable relief. The petition, plaintiff's reply and the evidence in the case sustain the judgment on the grounds of rescission. 9 C. J. 1160; 39 Cyc. 2001. 6 R. C. L., sec. 310, page 925; Page on Contracts, secs. 2883, 3023; Black on Rescission & Cancellation, sec. 196, page 505; Parsons v. Kelso, 141 Mo. App. 369, 374; Black on Rescission, sec. 216, page 573. (c) This being an equitable action the probate court would have no jurisdiction in a controversy of this character. Therefore, the sections of the statutes cited by appellant do not apply. Trustees v. McElhinney, Admr., 61 Mo. 540; In re Estate of Glover & Shepley, 127 Mo. 153, 163; Ivie v. Ewing, 120 Mo. App. 124, 129; Tenney v. Turner, 111 Mo. App. 597. (d) The statute does not apply to suit

for rescission of a contract, nor for claims arising from contracts with the administrator. Woerner on the American Law of the Administration (3 Ed.), sec. 386, page 1248; Kline v. Gingery, 124 N. W. 958. (e) The special Statute of Limitations as to the presentation and allowance of demands does not apply in this case. Bramell v. Adams, 146 Mo. 70, 84; Pierce v. Pierce, 139 Mo. App. 416; Woerner on the American Law of Administration (3 Ed.), sec. 152, page 521; Woerner on the American Law of Administration (3 Ed.), sec. 402, pages 1333, 1334; Nashua Savings Bank v. Abbott, 181 Mass. 531, 63 N. E. 1058, 92 American State Reports, 430, 434. (f) Assuming that the contract involved in this controversy is a joint one, under our statutes the same shall be construed to be joint and several, and a suit may be brought and prosecuted and recovery had against any one or more of those who are liable thereunder or in connection therewith. Secs. 2155 and 2158, R. S. 1919; Bagnall Timber Co. v. Mo. Kans. & Texas Ry. Co., 242 Mo. 11, 19; Huff v. Doerr, 206 Mo. App. 563, 568; Rounds v. Strang, 192 Mo. App. 568, 573. (g) The commencement of the specific performance suit in the probate court of Jasper county, Missouri, under the contract involved in this controversy, and the dismissal of that proceeding by the plaintiff, does not prevent plaintiff from maintaining this suit. 20 C. J. 31; Cowan v. Young, 282 Mo. 36, 47; Otto v. Young, 227 Mo. 193, 219; Johnson-Brinkman Com. Co. v. Mo. Pac. Ry. Co., 126 Mo. 344, 353; Steinbach v. Murphy, 143 Mo. App. 537, 540; Gwin v. Smur, 49 Mo. App. 361, 365; Nashua Savings Bank v. Abbott, 181 Mass. 531, 63 N. E. 1058, 92 American State Reports, 430, 434.

BRADLEY, J.—This is a suit to recover back money paid under a contract to purchase land. Plaintiff recovered and defendant appealed.

November 20, 1915, plaintiff entered into a contract in writing with H. M. Zimmerman and C. E. Elliott, owners, for the purchase of about fifty-five acres of

mining land in Jasper county at the price of $600 per
acre. At the same time a contract was entered into
whereby plaintiff was to do certain drilling, etc. The
tract was to be surveyed, abstract and title made satisfac-
tory, and purchase price paid by March 22, 1916. Zimmer-
man, who resided in Seattle, Washington, died December
19, 1915, leaving only collateral heirs, and defendant, on
March 6, 1916, was appointed administrator of the es-
tate in Jasper county. The time for completing the con-
tract and paying the full purchase price was extended
from time to time, the last extension expiring March 4,
1917. In the interim between the time of Zimmerman's
death, and the expiration of the last extension plaintiff
paid $15,000 on the purchase price. It seems that the
$15,000 was paid to Lively, and he turned over $7500
thereof to Elliott, and retained $7500 as the administra-
tor of the Zimmerman estate. Prior to April 3, 1917,
Elliott made a deed to his one-half undivided interest
and placed the same in a bank to be delivered when the
balance of the purchase price was paid. All the Zim-
merman heirs were adults, but for some reason, not dis-
closed in the record, plaintiff was unable to get a deed
to the Zimmerman interest. April 3, 1917, plaintiff filed
suit under section 168, Revised Statutes 1919, in the
probate court against the defendant administrator for
specific performance. This cause in the probate court
passed until the February term, 1918, at which time one
of the Zimmerman heirs appeared and, under section
174, Revised Statutes 1919, filed a motion to transfer to
the circuit court, which motion was granted and the
cause transferred. By this time plaintiff had been draft-
ed into the army, and the cause for specific performance
was passed in the circuit court indefinitely. It might be
stated here, however, that there was no particular rea-
son to pass the cause indefinitely, since plaintiff was
only nominally interested, and the real party in interest,
and the one who was furnishing the money, and who ex-
pected the benefits of the deal, was at all times on the

ground, and conducted and controlled plaintiff's course of conduct with reference to the purchase of the land.

After the cause for specific performance was transferred to the circuit court matters rested, so far as moves in court were concerned, until May 25, 1921, at which time plaintiff dismissed his cause for specific performance, served notice of rescission of the contract to purchase, and demanded the return of the amount paid on the purchase price.

The cause here was commenced against Lively as administrator, and Lively, individually, and also against the executrix of the estate of Elliott, who had died prior to the filing of the present suit. Dismissal was made, however, as to Lively, individually, and as to the estate of Elliott, and judgment rendered against Lively as administrator of the Zimmerman estate for $7500.

As we view this record, these questions are presented. Defendant contends: (1) That plaintiff is barred under section 182, Revised Statutes 1919; (2) that whatever demand or cause of action plaintiff may have had was against the estates of Zimmerman and Elliott jointly, and that suit would not lie against the Zimmerman estate alone; (3) that plaintiff elected to proceed for specific performance, and that he could not thereafter abandon that remedy and pursue a different one.

Section 182 provides that all demands against an estate, with certain exceptions not material here, shall be exhibited within one year from the date of the grant of letters and publication of notice, and unless so exhibited shall be forever barred. If this statute can be here invoked, then plaintiff is barred. Plaintiff sought in his petition to avoid this statute by pleading conclusions to the effect that defendant was holding the money paid on the purchase price in the nature of a trustee. If such were the case the statute might not be invoked (Bramell v. Adams, 146 Mo. 70, 47 S. W. 931), but Lively, administrator, is no more holding this money in the nature

of a trustee than would Zimmerman be so holding it were he living, and holding it. The money was paid under the contract, and was paid as a part of the purchase price. This cause cannot be considered as one, the purpose of which is to reach the property itself as was the case in Bramell v. Adams, supra, but this cause is to establish a liability against the Zimmerman estate, which liability would be personal against Zimmerman if he were living. This liability was in the beginning contingent, and so remained until March 4, 1917, the date of the expiration of the last extension. At that time the contract was breached by the vendors, and plaintiff's right to sue for the money paid or for specific performance became absolute. The contingency which matured such liability was the failure to convey as per the contract and extensions, and upon the happening of this contingency the liability became absolute. Since this contingency did not happen until after the grant of letters in the Zimmerman estate, and publication of notice, plaintiff should have a year from the happening of the contingency to present his demand. [Binz v. Hyatt, 200 Mo. 299, 98 S. W. 637.] The demand not having been presented, nor suit filed within the year from the happening of the contingency, it is our conclusion that plaintiff is barred by the special limitations in section 182, Revised Statutes 1919. Having reached this conclusion it is unnecessary to rule on the remaining two propositions presented.

The judgment below should be reversed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.