BOATMEN'S BANK, APPELLANT, v. JOHN CLARAHAN, RESPONDENT.*

In the Springfield Court of Appeals. Opinion filed July 17, 1926.

1.—**Executors and Administrators—Limitation—Claim Held Barred by Statute.** Claim against factor for negligent delay in selling cotton held barred by section 182, Revised Statutes 1919, where first asserted by answer, in suit for money advanced on cotton, over year after sale thereof by factor's administratrix.

2.—**Same—One Year Limitation—Limitation not Arrested by Assignment by Administratrix.** Running of one-year statute (section 182, Revised Statutes 1919) against claim for factor's negligent delay in selling cotton is not arrested by assignment of assets and claims of his estate by his administratrix.

3.—**Set-off and Counterclaim.** Claim or cause of action for factor's negligent delay in selling cotton, interposed as defense in suit for money

advanced, is not a counterclaim, though in some respects in the nature thereof.

*Corpus Juris-Cyc. References: Executors and Administrators, 24CJ, p. 336, n. 90, p. 339, n. 22; Recoupment, Set-Off and Counterclaim, 34Cyc, p. 710, n. 1.

Appeal from the Circuit Court of New Madrid County.—Hon. H. C. Riley, Judge.

REVERSED AND REMANDED.

*Sharp & Baynes* for appellant.

No brief for respondent.

(1)   The court should have instructed the jury to find the issues for the plaintiff for the amount sued for as requested by plaintiff at the close of the whole case.   1st.   The matters pleaded in the answer are subjects of counterclaim for an unliquidated damage, if at all, and the evidence in support thereof was no defense to this cause of action. Bauerdorf v. Wall Paper Co., 203 S. W. 220; Estate Co. v. Arms Co., 110 Mo. App. 406; Volker v. Stone, 181 Mo. App. 311; Brokerage Co. v. Campbell, 164 Mo. App. 8; Fulton v. Fisher, 239 Mo. 116. 2nd.   Claim or cause of action pleaded by defendant in his answer was barred by special Statute of Limitations, not having been exhibited within one year after granting of letters of administration on Hugh O'Donnell estate.   R. S. 1919, sec. 182; Waltemar v. Schinck's Estate, 102 Mo. App. 139; Hinshaw v. Warren, 167 Mo. App. 370; Bramell v. Adams, 146 Mo. 84; Bukman v. Richardson, 150 Mo. 430. 3rd.   The defendant by his silence and neglect in exhibiting his claim or demand, if any he had against Hugh O'Donnell estate, is now estopped from asserting same in this suit.   Davis v. Lea, 239 S. W. 826; Anthony v. Commission Co., 260 S. W. 98; 21 C. J., pages 1166-1167-1168, secs. 169-170-172-173.   And the doctrine of equitable estoppel or estoppel *in pias* is applied in courts of law.   Clauson v. Larmon, 21 S. W. 913; Cavender v. Johnson & Son, 212 S. W. 53. 4th.   There is no evidence at all showing that the cotton could have been sold sooner than it was, or at any time, but the evidence does show no regular established market at all times; but to sell cotton is a matter of bargain and sale.   5th.   Hugh O'Donnell had right under the laws to sell the cotton when he did, having made advances, and demanded a repayment of such advances.   Howard et al. v. Smith, 56 Mo. 314; Phillips v. Scott, 43 Mo. 86; Given et al. v. Lemoine, 35 Mo. 110.   (2)   The court should not have permitted the defendant to testify as to the grade of cotton, the other party to the transaction

being deceased. R. S. 1919, sec. 5410; Eaton v. Cates, 175 S. W. 953; Burns v. Ice & Fuel Co., 187 S. W. 147; Elsea v. Smith, 202 S. W. 1073; Scott v. Scott, 265 S. W. 865; Bank v. Hirler, 266 S. W. 1032. (3) Evidence of what other parties sold cotton for should not have been allowed, and does not establish a market value. Fargason Co. v. Coleman, 272 S. W. 1003.

BRADLEY, J.—As assignee of all the assets and claims of the estate of Hugh O'Donnell, deceased, plaintiff sued to recover on account for money advanced on cotton. The cause was tried to a jury and resulted in a verdict and judgment for defendant. In due course plaintiff filed motion for a new trial, was overruled and appealed.

Prior to his death February 27, 1920, Hugh O'Donnell was a cotton factor in the city of St. Louis. December 16, 1918, defendant shipped twenty-six bales of cotton to O'Donnell to be sold by him on the St. Louis market. At time of shipment defendant drew on O'Donnell for $2600 which draft was honored and paid. In other words O'Donnell advanced the sum of $2600 on the twenty-six bales. O'Donnell died, with this cotton yet on his hands unsold. His sister, Catherine O'Donnell, was appointed administratrix of the estate and on January 29, 1921, sold the twenty-six bales at six cents, and after deducting charges the net amount for the twenty-six bales was $484.35. This amount was applied on the amount advanced and after this credit there was yet due including interest the sum of $2509.94. It is this claim of the O'Donnell estate against defendant which, among others, was assigned by the administratrix to plaintiff and upon which plaintiff's cause is founded.

Catherine O'Donnell was appointed administratrix of the Hugh O'Donnell estate by the probate court of the city of St. Louis on March 3, 1920, and notice thereof was duly published. The Hugh O'Donnell estate was hopelessly insolvent. O'Donnell's indebtedness to plaintiff bank at the time of his death was in excess of $90,000. To secure this, plaintiff bank held warehouse receipts for cotton which had been shipped to Hugh O'Donnell to be by him sold for the account of the shipper. The cotton market at the time of O'Donnell's death was such that the value of the cotton shipped to him was for less than he had advanced thereon and far less than his indebtedness to plaintiff bank from whom O'Donnell obtained the money he advanced.

March 18, 1921, and at the March term of the probate court of the city of St. Louis the administratrix in lieu of a settlement filed a statement in which the condition of the estate was given. In this statement the administratrix stated that because of the condition of the estate and plaintiff bank's relations therewith she contemplated turning over to said bank all assets and claims of the estate, less last

illness and funeral expenses. June 30, 1921, and at the June term of the probate court the administratrix filed a statement in lieu of a final settlement. This final statement went into detail, and asked that said statement be accepted as final settlement and that she be directed to turn over to plaintiff bank all assets and claims of the estate remaining in her hands. September 14, 1921, at the September term of the probate court, an order was made authorizing the administratrix to assign to plaintiff bank. This assignment was made 'and thus the bank became the owner of the O'Donnell account or claim against defendant at bar for the money advanced on the cotton shipped December 16, 1918.

Defendant's defense is that Hugh O'Donnell was negligent in endeavoring to sell defendant's cotton; that had O'Donnell exercised that diligence incumbent upon a cotton factor to sell, defendant's cotton could have been sold for a much greater amount than was advanced. This was the issue submitted to the jury and as stated the finding was for the defendant. A counterclaim was pleaded and judgment over asked, but was abandoned.

From the outset plaintiff bank contended that any claim that defendant had for damages for the alleged negligent failure of Hugh O'Donnell to sell said cotton was barred by the special one year Statute of Limitations. [Sec. 182, R. S. 1919.] We have reached the conclusion that plaintiff's contention in this respect is correct, therefore, it is not necessary to consider other assignments.

Defendant's cotton was shipped and the $2600 advanced December 16, 1918. Hugh O'Donnell died February 27, 1920. Catherine O'Donnell was appointed administratrix March 3, 1920, and notice duly published. Defendant's cotton was sold January 29, 1921, and the account sale showing amount received and the balance due on the advancement was sent by registered mail to defendant on February 5, 1921. March 16, 1920, the administratrix notified defendant of her brother's death, giving the date of his death and advised that she had been appointed and had qualified as administratrix of the estate. The administratrix continued in charge of the estate until her final settlement and assignment to plaintiff bank on September 14, 1921. Defendant filed no claim against the O'Donnell estate, and the first time that he asserted his claim for damages in any court was when he filed his answer in the present cause on July 19, 1923.

In Boatmen's Bank v. Vandiver, 281 S. W. 144, we had before us the same question of limitation as now here. The Vandiver case grew out of shipments of cotton to the same Hugh O'Donnell and advancements by him. In that case, however, the cotton was not sold by the administratrix, but was sold by the present plaintiff bank after the assignment by the administratrix to the bank and after the lapse of more than one year from publication of notice of the appointment

of an administratrix. There we held, citing Bailey-Ball-Pumphrey Co. v. German, 213 Mo. App. 11, 247 S. W. 483, that no right of action accrued to the shipper based on the negligence of a factor in failing to sell the cotton until the cotton was sold or delivered back to the shipper, and that since the cotton in that case was not sold until after the lapse of more than one year from the publication of notice, the one year statute, section 182, did not operate as a bar. In the cause at bar defendant's cotton was sold by the administratrix January 29, 1921, and at that time there accrued to him whatever right of action he may have had based on the negligence of O'Donnell to sell the cotton to advantage. Defendant had one year from January 29, 1921, the date of the accrual of his cause of action for damages in which to file his claim against the estate of Hugh O'Donnell. [Binz v. Hyatt, 200 Mo. 299, 98 S. W. 637; Grigg v. Lively, 214 Mo. App. 473, 257 S. W. 187.] At the time his cause of action or claim against the estate accrued the estate was not closed, but was still in the hands of the administratrix. She did not file her final settlement until June 30, 1921, which was five months after the accrual of defendant's claim. The estate in fact did not entirely pass out of the hands of the administratrix until she assigned to plaintiff bank on September 14, 1921, which was seven and one-half months after the accrual of defendant's claim or cause. Undoubtedly the one year statute (section 182, Revised Statutes 1919), began to run against defendant's claim January 29, 1921, and we know of no rule of law that would operate to arrest the running of the statute following the act of assignment by the administratrix to plaintiff bank. Speaking of a similar claim against the O'Donnell estate we said in the Vandiver case that "if his (Vandiver's) claim had matured so that it could have been presented to the probate court for allowance within one year after notice to creditors was published, we would be inclined to hold that it is barred." Such condition actually exists on the cause at bar, and we rule that defendant's claim against the O'Donnell estate was barred by the limitation prescribed by section 182, and for that reason was not available as a defense in the cause at bar. We have not overlooked the case of Green v. Conrad, 114 Mo. 651, 21 S. W. 839. While defendant's claim or cause of action against O'Donnell, interposed in the present cause as a defense, is in some respects in the nature of a counterclaim, yet it in fact is not a counterclaim. As stated, the counterclaim pleaded was abandoned.

Having reached the conclusion that defendant's claim against the O'Donnell estate which was interposed as, a defense was barred under section 182, Revised Statutes 1919, it follows that the judgment should be reversed and cause remanded, and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.