George W. HELLIKER, Jr., Appellant,

v.

Kermit BRAM, Administrator of the Estate of Norman E. Thomas, Deceased, Respondent.

No. 44096.

Supreme Court of Missouri.

Division No. 2.

March 14, 1955.

Motion for Rehearing or for Transfer to Court en Banc Denied April 11, 1955.

E. E. Empie, Jr., Popham, Thompson, Popham, Mandell, Trusty & Green, Guy W. Green, Kansas City, for appellant.

Henry W. Buck, John R. Gibson, Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, for respondent.

ANDERSON, Special Judge.

This is an appeal by plaintiff, George W. Helliker, Jr., from a judgment dismissing his petition. Plaintiff's claim was for damages for personal injuries and property damage alleged to have been sustained by him on August 2, 1950, while a passenger in his automobile which was at the time being driven by Norman E. Thomas. Plaintiff alleged that his injuries and damage were caused by the negligence of said Thomas in permitting said motor vehicle to leave the road and collide with an embankment. Norman E. Thomas died on August 2, 1950, and defendant, Kermit Bram, was on the 12th day of August, 1950, appointed administrator of said Thomas' estate. Thereafter, notice of said appointment was duly published, as required by law. This suit was filed October 9, 1951, and the service of process therein constituted the first and only exhibition of said claim to the administrator. Defendant moved for a dismissal on the ground that the action was barred under Section 464.-020 RSMo 1949, V.A.M.S.

Appellant contends that the trial court erred in sustaining said motion to dismiss. He argues in support of this contention, (1) that an analysis of the various sections of Chapter 464 RSMo 1949, V.A.M.S., clearly indicates that the one-year limitation provided by Section 464.020, supra, was intended to apply only to contractual claims based upon "written instruments" or "accounts"; and (2) that the application of said section is confined entirely to proceedings over which the probate court has jurisdiction, and consequently is no bar to the present action which is one ex delicto on a contingent claim not cognizable in the probate court.

There is no basis for the contention that Section 464.020 is limited in its operation to contractual claims founded upon "written instruments" or "accounts."

Chapter 464 RSMo 1949, V.A.M.S., provides for the manner of exhibition of all demands against estates without any qualification as to their character, requires the classification of all demands without regard to quality, and provides for their payment in the order classified. There is no exclusion of tort claims anywhere in the statutes. The language of Section 464.020 is all-inclusive.

Section 464.060 provides that: *"All actions* pending against any person at the time of his death, which, by law, survive against the executor or administrator, shall be considered demands legally exhibited against his estate from the time such action shall be revived, and classed accordingly." (Emphasis ours.)

Section 464.070 provides that: *"All actions* commenced against such executor or administrator, after death of the deceased, shall be considered demands legally exhibited against such estate from the time of serving the original process on such executor or administrator." (Emphasis ours.)

Section 464.020 bars *"all demands* not thus exhibited in one year * * *." (Emphasis ours.)

Section 464.010 provides: *"All demands* against the estate of any deceased person

shall be divided into the following classes: * * * (5) *All demands, without regard to quality,* which shall be legally exhibited against the estate within six months after the date of the granting of the first letters on the estate; (6) *All demands* thus exhibited after the end of six months and within one year after the date of the granting of the first letters." (Emphasis ours.)

Section 464.130 provides that: *"All demands* against any estate shall be paid * * * in the order in which they are classed." (Emphasis ours.)

It seems clear that the classification *"all demands, without regard to quality"* in Section 464.010 includes tort claims exhibited in conformity with Section 464.070. (Emphasis ours.)

As used in the statutes under discussion, the word "demands" should be held to include every species of liability which the personal representative can be called upon to pay out of the assets of the estate. It has been held by this court that the term "demands" is extremely broad. In Mayberry v. McClurg, 51 Mo. 256, in holding that the County Court had jurisdiction to consider and allow a claim based upon trespass, we said:

"The word 'demand,' says Lord Coke, is one of the most comprehensive terms in the law. (Co.Litt. 291b.) It is defined by other writers, to be a claim, a legal obligation. In the matter of Denny and Manhatten [Co.], 2 Hill [N.Y.], 220, Nelson, C. J., says, 'the term "demand" is one of the most extensive import, among the most so, indeed, of any that are known to the law.' "

We believe that the plain language of the statutes does not allow the exclusion for which plaintiff contends.

In making the contention that Section 464.020 is limited in its application to proceedings over which the probate court has jurisdiction, appellant relies on a number of decisions of this court and our courts of appeal. The following analysis of the cases cited reveals that they were either suits in equity to establish rights to funds not properly a part of the estate, or actions in rem to subject specific real estate to the payment of a debt owed by the deceased.

In the case of Orr v. St. Louis Union Trust Co., 291 Mo. 383, 236 S.W. 642, plaintiff sued in two counts. By count one plaintiff sought a construction of a will, and by count two the establishment of a trust to a portion of the estate of her deceased husband, James B. Ghio. There was evidence that plaintiff, widow of the testator, inherited large sums of money from the estates of her father and her half brother. This money was turned over by her to the testator for investment on her account. A certain part of it was put into improvements on certain real estate owned by the testator, and the balance went into mortgages and various investments. The prayer of the second count of the petition was for a lien on the real estate and for an accounting for rents and profits, and for judgment against the estate for that portion of the trust funds alleged to have been commingled by the testator with his own funds. No claim on account of the alleged trust funds was presented against said estate prior to the final settlement in the Probate Court. One of the defenses set up was the statute of non-claim. This court held that the statute was not applicable, saying: "Mrs. Ghio's claim involved the establishment of a trust and an accounting, matters of an equitable nature, and therefore not cognizable before the probate court in the administration proceedings, and such claim is not barred by her failure to exhibit her claim in said court against testator's estate."

In Cunningham v. Kinnerk, 230 Mo.App. 749, 74 S.W.2d 1107, 1113, one James E. Campbell intrusted to his nephew, Edwin N. Harris, the sum of $5,787 to be invested for the use of Campbell. Harris used the funds to erect a building on a lot owned by his wife, Kate Harris. Mr. Harris died in 1923, and Mrs. Harris died in 1926. Letters testamentary on the Kate Harris estate were issued to defendant Kinnerk on January 26, 1926. Thereafter defendant, as executor, sold the property for the sum of $19,150 to satisfy an outstanding encum-

brance of $4,500 and to circumvent the Campbell heirs in asserting a claim against the property. There was a balance in the estate of Kate Harris of some twelve to fourteen thousand dollars. Plaintiffs, who were the children and heirs of Sophronia Martin, one of the legatees under the will of Campbell, then brought this suit in equity to establish their right to their mother's share in the trust estate. The suit was instituted March 16, 1929. Prior thereto plaintiffs had exhibited their claim to defendant, as executor. Said claim was presented, not on the theory that claimants were general creditors, but on the theory that the trust fund was not a part of the estate. The claim was disallowed by the probate court and, on appeal to the circuit court, the same ruling was had. The judgment was pleaded in this case as res adjudicata. Defendant also pleaded the statute of non-claim as a defense. The court of appeals, in holding that these defenses were not available, said:

"The purpose of the suit being the pursuit of a trust fund which the court is asked to take in its entirety out from among the assets of Kate Harris' estate with which it is mingled and to order the same to be paid over in its entirety to plaintiffs as the beneficiaries of the fund, equity alone has jurisdiction over the claims, and the probate court acquired no jurisdiction over the claims previously filed therein; the issue being one of subject matter. Citing cases.) There is no question here of plaintiffs having attempted to proceed in the probate court by waiving the trust and suing as general creditors of Kate Harris' estate; and, as we have already pointed out, the Campbell fund was actually no part of her estate. Consequently, the adverse judgment of the probate court of St. Louis county, as well as of the circuit court of St. Louis county, exercising its derivative jurisdiction on the appeal to it, were not res adjudicata of the merits of the plaintiffs' claims. * * * While the lower court did not make an express finding upon this question, the fact that it proceeded to a judgment in favor of plaintiffs, and against defendant, indicates that it

found sub silentio, and properly so, that such defense was without merit. And, of course, since the subject-matter of the claims was outside the jurisdiction of the probate court, they were not required to be exhibited to it, and defendant's plea of the one-year special probate statute of limitation (section 75, R.S.1929, Mo.St.Ann. § 75, p. 45 [V.A.M.S. § 461.440]) was likewise without merit."

Cowan v. Mueller, 176 Mo. 192, 75 S.W. 606, was an action in ejectment brought by the purchaser at a foreclosure sale under a deed of trust. Some time prior thereto the mortgagor had died and the land was sold to the defendant under an order of the probate court. There was a judgment for plaintiff from which defendant appealed, contending that no recovery could be had because the right to foreclose was barred, the debt not having been exhibited to the administrator within the two years prescribed by the statute nor proven up against the estate. At that time there was in effect a statute, Laws 1891, page 184, which provided that: "No suit, action or proceeding under power of sale to foreclose any mortgage or deed of trust executed hereafter to secure any obligation to pay money or property, shall be had or maintained after such obligation has been barred by the statute of limitations of this state." This court held that the foreclosure was not barred by the two-year statute, but that same could be had at any time within the period fixed by the general statute. The court, in effect, said that when the mortgagor dies the mortgagee has two remedies: one in the probate court against the whole estate, the other in the circuit court against the mortgaged property, and that the effect of the non-claim statute was merely to bar the mortgagee's remedy against the estate; that his remedy against the property is barred only when the general statute of limitations has run against the debt.

Sturdy v. Smith, Mo.App., 132 S.W.2d 1033, was a suit to establish a vendor's lien on certain real estate. On July 17, 1930, Thomas D. Sturdy, owner of the premises, sold and conveyed the same to his daughter with the understanding that she was to pay

$3000 to plaintiff in from one to six years after the death of the vendor. Thomas D. Sturdy died November 27, 1931. Small payments were thereafter made by Mrs. Smith under this agreement. Mrs. Smith died January 19, 1935, and after the time for filing claims against her estate this suit was brought against her heirs. Defendants pleaded the one-year limitation period for exhibiting claims against estates of deceased persons. The trial court denied this defense and the court of appeals affirmed, holding, under the authority of Cowan v. Mueller, supra, that the non-claim statute did not bar the right to proceed against the property in question.

Bond v. Unsell, Mo.App., 72 S.W.2d 871, was a suit in equity by which plaintiffs, as legatees under a will, sought to impress a trust upon a fund of $500 alleged to be held among the assets of an estate under process of administration, said estate being that of the executor of the estate of the original testatrix under whose will they claim their right to the payment of the legacy in question. The answer pleaded the bar of the special statute of limitations, plaintiff's claim not having been presented for allowance as a demand against the estate written one year after the granting of letters. The court held the defense unavailable, for the reason that the suit was in equity for a fund which never became an asset of the estate.

Clay v. Walker, Mo.App., 6 S.W.2d 961, 967, was a suit to establish a resulting trust filed against the administrator of one Walker who was alleged to have used funds of plaintiff's mother in the purchase of land, title to which was taken in his own name. One of the contentions of defendant was that plaintiff's claim was barred by the provisions of Sections 181 and 182, R.S.1919, V.A.M.S. §§ 464.010, 464.020, because suit was not brought thereon for more than one year after the publication of notice of the granting of letters of administration. Held, that there was no merit to the contention. The court said:

"There is no merit in this contention. This is a suit in equity to establish a resulting trust, of which the probate court would have no jurisdiction. * * * The theory of this suit is that Walker never owned the land, but merely held the title thereto in trust for his wife. In other words, the purpose of the suit is not to recover a claim against the estate of David S. Walker, but to recover property which plaintiff's mother owned but is now in the possession of defendants. If Walker never owned the property, it was not an asset of his estate, and a suit brought by the rightful owner to recover it could not be classed as a claim against his estate. Plaintiff's claim not being a demand against Walker's estate, he was not required to exhibit it in the probate court as a demand against said estate, within one year from the date of the publication of notice of the granting of letters of administration on said estate, or bring a suit within that time."

In Holland Banking Co. v. See, 146 Mo. App. 269, 130 S.W. 354, 355, Allmon sold to Roboards several "Soldiers' Additional Homestead Claims." To protect Roboards in case these claims should be worthless, Allmon secured Roboards by a deed of trust on lands for the amount paid by Roboards for the claims. Roboards afterwards borrowed from plaintiff bank and put up these claims as collateral security. Before this debt was paid Roboards died and the claims turned out to be worthless. Roboards' administrator foreclosed the deed of trust. Held, in the suit by the bank against the administrator, that the bank should be subrogated to the rights of the administrator of Roboards to the fund, which was the proceeds of the sale of the security taken by Roboards to protect him against loss by reason of the claims proving worthless. The court held that the two-year statute of limitations prescribed for presenting demands against the estates of deceased persons did not apply, under the doctrine of Cowan v. Mueller, supra.

Appellant also cites Peck v. Fillingham's Estate, 199 Mo.App. 277, 202 S.W. 465; Jenkins v. Morrow, 131 Mo.App. 288, 109 S.W. 1051; and State ex rel. Barlow v. Holtcamp, 322 Mo. 258, 14 S.W.2d 646. These cases merely hold that probate courts are courts of limited jurisdiction and do not

have jurisdiction of equitable causes. There can be no doubt of the correctness of such holding. The jurisdiction of the probate court is defined and restricted by Section 16 of Article V of our Constitution, V.A.M.S. In said section it is provided that said court shall have "jurisdiction of all matters pertaining to probate business, to granting letters testamentary and of administration, the appointment of guardians and curators of minors and persons of unsound mind, settling the accounts of executors, administrators, curators, and guardians, and the sale or leasing of lands by executors, administrators, curators and guardians, * * *."

▪ The probate court, by virtue of this constitutional provision, is not a court of general jurisdiction, but its jurisdiction is circumscribed and restrained to those matters set out in Section 16, Article V, supra, and any legislative acts which attempt to extend such jurisdiction beyond that conferred would be violative of the constitution. There is nothing in the constitution which, in our opinion, would indicate that the framers thereof contemplated conferring upon such courts general equity jurisdiction or the right to adjudicate actions in tort. But, that does not mean that a cause of action in tort (which, when reduced to a judgment, becomes a debt payable out of the assets of the estate), should not be subject to the same limitations as any other form of demand allowable against the estate. Such a construction is permissible in view of the broad and all-inclusive language contained in Chapter 464, and is in accord with the public interest which is promoted by the prompt settlement of the estates of deceased persons.

▪▪ Appellant's final point is that the non-claim statute is not applicable for the reason that the claim asserted by plaintiff is contingent in nature. There is no merit to this contention.

Under the law, a tort claim is not contingent merely because claimant may not prevail at a trial thereof. The distinguishing feature of a contingent claim is that the cause of action has not accrued. Pierce v. Johnson, 136 Ohio St. 95, 23 N.E.2d 993, 125 A.L.R. 867; Rehn v. Bingaman, 151 Neb. 196, 36 N.W.2d 856. See also, Binz v. Hyatt, 200 Mo. 299, 98 S.W. 637; Grigg v. Lively, 214 Mo.App. 473, 257 S.W. 187. The petition in this case shows that plaintiff's cause of action accrued August 2, 1950.

For the reasons indicated, it is our view that the action of the trial court in sustaining the motion to dismiss was proper. The judgment appealed from is affirmed.

ELLISON, P. J., LEEDY, J., and DEW, Special Judge, concur.