**Faye T. BERRY, Appellant,**

v.

**Violet Holt DAGLEY, Executrix of the Estate of Bessie Kathryn Grace, Respondent.**

**No. 56093.**

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1972.

Roger Guy Burnett, Liberty, for appellant.

L. M. Bywaters, Liberty, for respondent.

LAURENCE R. SMITH, Special Judge.

Plaintiff's action is to impose an equitable lien in the amount of $20,800 on assets in a decedent's estate of which defendant is executrix. Plaintiff appeals from the trial court's order sustaining defendant's motion to dismiss.

This court has jurisdiction because the amount in controversy, exclusive of costs, exceeds $15,000. Plaintiff filed Notice of Appeal to this court on Sept. 2, 1970. An amendment to § 477.040 of the Missouri statutes[1] raised our jurisdictional amount from $15,000 to $30,000, but this amendment did not become effective until Sept. 11, 1970, and by the terms of the amending Act this court continued to have exclusive jurisdiction of cases where the amount in dispute exceeded $15,000 and notice of appeal was filed in the trial court before the effective date of the amendment. Laws 1969, Third Extra Session, Page 110 (H.B. 34).

In the petition, which was filed March 19, 1970, it is alleged:

"* * *

"3. That defendant, having been named in the last will and testament of Bessie Kathryn Grace as executrix thereof, * * * is acting as executrix of the estate of Bessie Kathryn Grace.

"4. That defendant, Violet Holt Dagley, by virtue of being the executrix of Bessie Kathryn Grace's estate, holds legal title to all of the personal property of which said Bessie Kathryn Grace died possessed. * * *

"5. That the defendant, Bessie Kathryn Grace, was the widow of Dr. John Franklin Grace.

"6. That plaintiff was employed by Dr. John Franklin Grace from the year 1928 until the year 1948.

"7. That said Dr. John Franklin Grace, during the years plaintiff was employed by him, retained a portion of the plaintiff's salary each week for twenty years, totaling an amount of $20,800.00, to use to invest in property, that said Dr. Grace did purchase property with said retained funds, that plaintiff was to receive the property purchased with said funds at the death of said Dr. Grace, but that unknown to the plaintiff, Dr. Grace took title to the said property in his name jointly with his wife, Bessie Kathryn Grace.

"8. That said Dr. John Franklin Grace died in the year 1951, and by virtue of the joint ownership of property with his wife, the said Bessie Kathryn Grace became the sole owner of said

1. All statutory references herein are to RSMo 1969, V.A.M.S.

property purchased with said funds retained from the plaintiff's wages.

"9. That all or a portion of the property in the estate of said Bessie Kathryn Grace was purchased with said funds retained from plaintiff's wages.

"10. That plaintiff has no adequate remedy at law.

"WHEREFORE, plaintiff prays the court adjudge and decree that an equitable lien exist on the property held in the estate of Bessie Kathryn Grace for an amount of $20,800.00 plus interest. Plaintiff further prays for such other and further relief, including recovery of her costs, as plaintiff may in equity and good conscience be deemed by the court to be entitled."

Defendant, by her motion in the trial court, sought to dismiss for the reasons:

"1. The action is barred by the statute of limitations.

"2. The petition fails to state a claim upon which relief can be granted against this defendant."

Since we hold that the action is barred by the statute of limitations we find it unnecessary to pass upon the question of stating a claim except as related to the statute of limitations.

■ Plaintiff's (appellant's) first point relating to the statute of limitations is that the statute of limitations cannot be raised by motion to dismiss. It is true, as stated by plaintiff, that S.Ct. Rule 55.10, V.A.M. R., provides that, "In pleading to a preceding pleading, a party shall set forth affirmatively * * * statute of limitations * * *."

However, as stated in DeVault v. Truman, Mo., 354 Mo. 1193, 194 S.W.2d 29, 32:

"If it clearly appears from the face of the petition that appellant's cause of action, if any, is barred by the applicable statute of limitations, the motion to dismiss was properly sustained."

Thus the question is herein presented: Does it clearly appear from the face of the petition that this action is barred by the applicable statute of limitations?

Plaintiff contends that the special statute of limitations, § 473.360, covering probate proceedings, is not a bar. Plaintiff is not seeking to establish this claim through the probate court and defendant does not assert that this special statute is a bar.

Although the trial court did not make reference to any specific general statute of limitations both plaintiff and defendant make reference to § 516.120. This statute, and Par. (5) in particular, relating to actions for relief on the ground of fraud, is the most liberal to plaintiff's cause.

Section 516.120 provides for a five-year limitation upon actions upon contracts not in writing and for the recovery of specific personal property or for any injury to the person or rights of another not arising on contract and not otherwise enumerated.

Par. (5) of this statute:

"An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud."

■ The history and interpretation of aforementioned statute is set out in Anderson v. Dyer, Mo.App., 456 S.W.2d 808. A maximum of ten years is given for the discovery of the fraud and suit must be filed within five years after the discovery of the fraud or, in any event, within fifteen years after the commission of the fraud.

As stated in respondent's brief (p. 6):

"If appellant is given the benefit of every conceivable doubt, that is, if she were granted the full ten years after the death of Dr. John Franklin Grace, in 1951, to discover the alleged fraud, she

would be required to institute her action within five years thereafter, to prevent such from being barred by the statute herein referred to. Appellant's action was filed in March 1970, some eighteen or nineteen years after the death of Dr. John Franklin Grace."

Plaintiff seeks to overcome the hurdle of this statute of limitations by asserting (in Point III B) that, "This is an *In Rem* action, and the General Statute of Limitations does not apply to *In Rem* actions." Sturdy v. Smith, Mo.App., 132 S.W.2d 1033 is relied upon. That was a suit to establish an equitable vendor's lien on real property. The defendants asserted that any claim that the plaintiff might have was against the estate of a deceased from whom defendants acquired title and that plaintiff's claim was barred by reason of plaintiff's failure to present his claim to the probate court within a one-year period. The Court of Appeals held that the plaintiff's claim was not barred despite the failure to make claim in the probate court. In the *Sturdy* case there was no issue as to a general statute of limitations being a bar.

The court in the *Sturdy* case did state (1. c. 1038): "General statutes of limitation affect only remedies in personam." Cowan v. Mueller, 176 Mo. 192, 75 S.W. 606, was cited as authority. Referring to the *Cowan* case, the court in the *Sturdy* case stated (132 S.W.2d 1. c. 1038):

"In the last-named case, our Supreme Court held that the owner of a note secured by a mortgage made by a decedent has two remedies for the collection of his note. One is in the probate court against the whole estate, the other is in the circuit court against the mortgaged property. The court further held that the first remedy will be barred by the statute of limitations dealing with administration of estates unless the note is presented for allowance in the probate court in the manner prescribed by that statute, but that the remedy in the circuit court against the mortgaged property *is not barred except by the general statute of limitations*." (Emphasis ours.)

Neither the *Sturdy* nor the *Cowan* case holds that a general statute of limitations is not applicable in an *in rem* proceeding. The general statutes of limitations have been held applicable in various types of *in rem* proceedings. For example, as to constructive and resulting trusts, Zeitinger v. Annuity, 325 Mo. 194, 28 S.W.2d 1030, and to establish an equitable lien upon real property, Rice v. Hughes, 240 Mo.App. 35, 208 S.W.2d 821. Statutes of limitations apply alike to legal and equitable actions. Simmons v. Friday, 359 Mo. 812, 224 S.W. 2d 90. The general limitations statutes by their terms apply to "civil actions" (§ 516.-100), no exclusion being made because of the nature of the proceeding.

We believe that the statement in Sturdy v. Smith, supra, that general statutes of limitations affect only remedies in personam is an incorrect statement of the law and is not to be followed.

The present action was instituted more than eighteen years after the death of Dr. Grace. According to plaintiff's allegations plaintiff was to receive, at the death of Dr. Grace, property purchased from funds retained from her wages. No allegations are made as to disability or reason for tolling the running of the statute of limitations.

It clearly appearing from the face of the petition that the action is barred by the applicable statute of limitations, the trial court correctly sustained the motion to dismiss.

Judgment is affirmed.

HENLEY, Acting P. J., and DONNELLY, J., concur.

MORGAN, P. J., not sitting.